OPINION
{¶ 1} Defendant-appellant, Chee W. Yuen, appeals from a judgment of the Franklin County Court of Common Pleas denying defendant's motion to withdraw his guilty plea.
{¶ 2} In December 1992, after the juvenile branch of the Franklin County Court of Common Pleas, Domestic Relations Division, relinquished jurisdiction over defendant, the Franklin County grand jury issued a seven-count indictment against defendant concerning the murder of Jack Kounlavong. In the indictment, defendant was charged with aggravated murder with a death penalty specification, aggravated burglary, aggravated robbery, and four counts of kidnapping. Each charge contained a firearm specification.
{¶ 3} Pursuant to a plea agreement, defendant entered guilty pleas to murder as a lesser included offense of aggravated murder, aggravated robbery, and one count of kidnapping, each with a firearm specification. In September 1993, the trial court entered judgment and sentenced defendant to a minimum of 15 years to life imprisonment.
{¶ 4} Following his conviction, defendant did not file a direct appeal. In August 1996, defendant filed a petition for post-conviction relief that the trial court dismissed. In State v. Yuen (Sept. 7, 1999), Franklin App. No. 99AP-55, this court affirmed the trial court's judgment.
{¶ 5} On December 11, 2000, defendant, acting pro se, filed a motion pursuant to Crim.R. 32.1 and R.C. 2943.031(D) to withdraw his guilty plea. On March 13, 2001, the trial court overruled defendant's motion based, in part, on defendant's failure to supplement his motion with sufficient supporting documentation. In its decision, however, the trial court granted defendant 60 days to supplement the motion with a verified copy of the transcript of his plea. The trial court further instructed defendant to attach the transcript to a motion to reconsider. On April 24, 2001, defendant filed a motion for reconsideration with an attached transcript.
{¶ 6} On November 20, 2001, the trial court denied defendant's motion for reconsideration based on res judicata. In its decision and entry, the trial court noted defendant had an opportunity to raise error pursuant to R.C. 2943.031(D) on direct appeal, or through post-conviction relief, or both, and defendant failed to timely raise the issue.
{¶ 7} Defendant appeals, assigning a single error:
{¶ 8} "THE TRIAL COURT ERRED IN VIOLATION OF APPELLANT'S RIGHT TO EQUAL PROTECTION OF THE LAW AND DUE PROCESS RIGHTS GUARANTEED BY THEFIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND OHIO CONST. O.R.C. 2943.031 and Crim.R. 32.1 Crim. R. 11 (B) (C) (2) (a) (b). Const. Amend 5, 14."
{¶ 9} Because the state contends defendant's appeal is untimely, we initially consider whether this court has jurisdiction to consider the appeal.
{¶ 10} According to the state, the trial court's November 20, 2001 order that overruled defendant's motion for reconsideration is not a final appealable order, despite language in the trial court's entry that so identifies it. Specifically, the state contends the trial court previously had entered final judgment on defendant's motion on March 13, 2001, and the trial court's granting defendant's motion for reconsideration subsequent to that judgment is a nullity. See Cleveland Hts. v. Richardson (1983), 9 Ohio App.3d 152. Asserting the trial court had no authority to disturb its March 13, 2001 judgment through a motion for reconsideration, the state asserts any appeal should have been filed within 30 days of the March 13, 2001 order. See App.R. 4(A). Because defendant's appeal was not filed within 30 days of March 13, 2001, the state contends this court lacks jurisdiction to consider the merits of defendant's untimely appeal.
{¶ 11} Appellate courts have jurisdiction to review final orders or judgments of lower courts within their appellate districts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. Renner's Welding and Fabrication, Inc. v. Chrysler Motor Corp. (1996),117 Ohio App.3d 61, 64; Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840, 843. Pursuant to R.C.2505.02(B)(1), "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" After rendering a final judgment in a criminal case, a trial court has no authority to entertain a motion for reconsideration and to disturb its final judgment. Cleveland Hts. at 154.
{¶ 12} In this case, despite the caption of "Decision and Entry," the text of the trial court's March 13, 2001 order indicates the order is not the court's final disposition of defendant's motion. See St. Vincent Charity Hosp. v. Mintz (1987), 33 Ohio St.3d 121, 123, citing Peters v. Arbaugh (1976), 50 Ohio App.2d 30 ("the label or title placed on a document is not by itself determinative that the document is, in fact, a judgment entry"). Rather, the trial court granted defendant 60 days to supplement his motion to withdraw his guilty plea with a verified transcript of his plea, and the trial court instructed defendant to submit the verified transcript with a motion for reconsideration. (March 13, 2001 Decision, 2.)
{¶ 13} By granting defendant 60 days within which to supplement his motion to withdraw his guilty plea, the trial court clearly anticipated further action. Because the trial court's March 13, 2001 ruling failed to finally dispose of the whole merits of defendant's cause, but left defendant's motion open for further determination, the order was neither final nor appealable. See, e.g., Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 214, quoting Hamilton Cty. Bd. of Mental Retardation Developmental Disabilities v. Professionals Guild of Ohio (1989), 46 Ohio St.3d 147, 153 ("[f]or an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court"). In contrast, the trial court's November 20, 2001 decision and entry disposed of the whole merits of defendant's motion. Accordingly, defendant's timely appeal from the trial court's November 20, 2001 judgment is properly before this court. See, also, R.C. 2505.02.
{¶ 14} Defendant's single assignment of error contends the trial court erred in failing to grant his motion to withdraw pursuant to R.C.2943.031, as the trial court failed to inform defendant of the possibility of deportation at the time he entered his guilty plea. R.C.2943.031 "generally requires that before accepting a guilty or no contest plea, a trial court must advise a noncitizen defendant that his plea may have consequences on his immigration status." State v. Weber (1997),125 Ohio App.3d 120, 125, dismissed, appeal not allowed (1998),81 Ohio St.3d 1521.
{¶ 15} The court, however, is not required to so advise a defendant if either of the following applies under R.C. 2943.031(B):
{¶ 16} "(1) The defendant enters a plea of guilty on a written form, the form includes a question asking whether the defendant is a citizen of the United States, and the defendant answers that question in the affirmative;
{¶ 17} "(2) The defendant states orally on the record that he is a citizen of the United States."
{¶ 18} R.C. 2943.031(D) specifies the remedy for the trial court's failure to advise as required under R.C. 2943.031(A):
{¶ 19} "Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
{¶ 20} Here, defendant's written guilty plea of September 23, 1993 states that defendant was not a citizen of the United States. Nonetheless, the written guilty plea entry does not contain a statement regarding possible deportation consequences, and the transcript of the sentencing proceedings indicates the trial court did not personally advise defendant pursuant to R.C. 2943.031(A). Consequently, as directed by R.C. 2943.031(E), defendant is presumed not to have been advised in accordance with R.C. 2943.031(A). Following defendant's conviction, defendant later was ordered to be deported.
{¶ 21} While R.C. 2943.031(D) provides defendant may file a motion to withdraw his guilty plea because the trial court failed to advise defendant as required under the statute, R.C. 2943.031 does not specify in which court a motion to withdraw a guilty plea should be filed, or any time limit for filing a motion to withdraw a guilty plea under R.C. 2943.031(D). Cf. R.C. 2953.21(A)(1) (providing that a person convicted of a crime may file a petition for post-conviction relief in the court that imposed sentence) and R.C. 2953.21(A)(2) (setting forth time limitations in which to file a petition for post-conviction relief).
{¶ 22} "Our main consideration in construing a statute is the legislative intent based on a review of the language used. In the review of statutes to discern the legislature's intent, `it is the duty of the courts to give a statute the interpretation its language calls for where this can reasonably be done, and the general rule is that no intent may be imputed to the Legislature in the enactment of a law, other than such as is supported by the language of the law itself.' * * * This duty is based on the presumption that the legislature knows the meaning of words and chooses the specific words contained in a statute to express its intent. Consequently, a court may not use words not in the statute to add to or limit the expressed legislative intent. Further, a court may not ignore the plain language of the statute `under the guise of statutory interpretation or liberal or narrow construction.' Moreover, `strict construction does not require that we interpret statutes in such a manner that would mandate unjust or unreasonable results.' " In re Adoption of Koszycki (1999), 133 Ohio App.3d 434, 437-438. (Footnotes omitted.)
{¶ 23} The interpretation of R.C. 2943.031 has been problematic. See, e.g. State v. Idowu, Hamilton App. No. C-010646, 2002-Ohio-3302, at ¶ 22 (noting "[defendant's] claim that the trial court failed to personally advise him of the deportation consequences of his pleas as required by R.C. 2943.031 is based solely on the record and not on any evidence outside the record. Therefore, the claim is barred by res judicata because it could have been raised on direct appeal"). But, see, State v. Manns (Nov. 30, 2001), Clark App. No. 2000-CA-58 (concluding a defendant's remedy for a trial court's failure to comply with R.C.2943.031 is to file a motion to withdraw rather than to assign error on appeal from the conviction); State v. Mason (Feb. 15, 2002), Greene App. No. 2001-CA-113, appeal not allowed, 95 Ohio St.3d 1487 (concluding failure to grant motion to withdraw for trial court's failure to comply with R.C. 2943.031 is reversible error).
{¶ 24} Under the case law, three possible alternatives exist for raising a trial court's failure to comply with R.C. 2943.031: direct appeal, a petition for post-conviction relief under R.C. 2953.21, and a motion to withdraw a guilty plea. Of the three, the procedure outlined in R.C. 2943.031 is most like a motion to withdraw a guilty plea under Crim.R. 32.1. As a result, we are guided by the Ohio Supreme Court's recent decision in State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, which determined whether a motion to withdraw a guilty plea filed after the time for appeal has expired must be considered a motion for post-conviction relief under R.C. 2953.21.
{¶ 25} In that case, Bush filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Relying on State v. Reynolds (1997),79 Ohio St.3d 158, the appellate court determined that, because Bush's motion was outside the time limits for a direct appeal, his motion must be treated as a petition for post-conviction relief. Because Bush had failed to meet the time requirements of R.C. 2953.21, the appellate court concluded the trial court lacked jurisdiction to consider Bush's "petition for post-conviction relief."
{¶ 26} In reversing, the Supreme Court determined the appellate districts, relying on Reynolds, improperly had considered Crim.R. 32.1 motions as petitions for post-conviction relief. The court noted that in actuality its prior decisions had distinguished post-sentence Crim.R. 32.1 motions from post-conviction petitions, and that its decisions "have continued to recognize a Crim.R. 32.1 postsentence motion to withdraw a guilty plea as a distinct avenue for relief * * *." Bush at ¶ 11.
{¶ 27} While the state in Bush urged that post-conviction relief is the sole avenue for redressing constitutional error, the Supreme Court disagreed. As the Supreme Court explained, a post-sentence motion under Crim.R. 32.1 is not collateral attack, as is a petition for post-conviction relief under R.C. 2953.21. Id. at ¶ 13 ("R.C.2953.21[J], part of the postconviction relief statutory scheme, provides that `the remedy set forth in this section is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case * * * ' "). Rather, it is filed in the underlying criminal case, and "because it targets the withdrawal of a plea, it is not a `collateral challenge to the validity of a conviction or sentence.' " (Emphasis sic.) Id.
{¶ 28} Thus, the Supreme Court rejected "the state's contention that the statutory scheme set forth in R.C. 2953.21 and 2953.23 provides the exclusive means by which a criminal defendant can raise a constitutional attack on his or her plea." Id. Concluding R.C. 2953.21
does not govern a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea, the court further noted the rule does not prescribe time limitations for such a motion, though delay is a factor to be considered in deciding whether to grant the motion.
{¶ 29} Defendant's motion here is analogous to a Crim.R. 32.1 motion in that it is commenced with the filing of a motion in the underlying case, it is directed to the plea, and the statute giving rise to the motion does not specify any time limits. Indeed, R.C. 2943.031
references Crim.R. 32.1, noting that the statute does not prevent a defendant from pursuing relief under the operation of Crim.R. 32.1. Under Bush, defendant's motion to withdraw a guilty plea is not a petition for post-conviction relief under R.C. 2953.21. Rather, just as a motion under Crim.R. 32.1 is not a collateral attack on defendant's conviction and sentence, but a filing in the underlying case challenging the validity of a plea, so is defendant's motion here not a collateral attack under the statutes governing post-conviction relief.
{¶ 30} Moreover, like a motion to withdraw a guilty plea under Crim.R. 32.1, R.C. 2943.031 does not contain any time limitations. The motion to withdraw a guilty plea in Bush was filed outside the time limits for a direct appeal. Nonetheless, the Supreme Court did not suggest Bush's remedy under Crim.R. 32.1 was barred either by his failure to appeal from his guilty pleas, or his failure to comply with some unspecified time limit. See, also, Mason, supra (concluding the trial court's failure to comply with R.C. 2943.031 constituted reversible error in defendant's appeal of the trial court's denying his R.C. 2943.031
motion to withdraw his guilty plea, filed long after the time for appeal of defendant's conviction had passed). Indeed, post-sentence motions to withdraw a guilty plea under Crim.R. 32.1 may be filed at any time. See State v. Kerns (July 14, 2000), Trumbull App. No. 99-T-0106 (noting that Crim.R. 32.1 does not set forth a time limit); State v. Scarnati (Feb. 22, 2002), Portage App. No. 2001-P-0063. Instead, the delay in filing is a factor to be considered in determining manifest injustice and the defendant's credibility. Bush at ¶ 14.
{¶ 31} Indeed, the analogy to Crim.R. 32.1 suggests defendant was not required to appeal his conviction in order to preserve the issue raised in his motion to withdraw. A Crim.R. 32.1 motion is not barred by the failure to appeal the defect in the plea process. Instead, a defendant may appeal, contending the trial court failed to comply with Crim.R. 11, or a defendant may file a motion to withdraw a guilty plea at any time and then timely appeal the trial court's failure to grant the motion. Similarly, defendant here arguably could have appealed the trial court's failure to comply with R.C. 2943.031 or, as he has, may appeal the trial court's refusal to grant his R.C. 2943.031(E) motion to withdraw.
{¶ 32} Without question, R.C. 2943.031 differs from Crim.R. 32.1 in that R.C. 2943.031(D) does not grant the trial court the discretion to determine whether the guilty plea should be vacated, even though discretion would allow the trial court to consider timeliness as a factor, as the court may in a Crim.R. 32.1 motion. Rather, it mandates the plea be vacated in the absence of the required advisement. The difference, however, does not suggest defendant's motion be drawn under the umbrella of a direct appeal or post-conviction relief petition. Instead, it suggests the General Assembly determined the rights at issue in R.C. 2943.031, which this court in Weber deemed substantive, are so significant that no discretion should be given the trial court in vacating the guilty plea when the statutorily prescribed conditions in R.C. 2943.031(D) exist.
{¶ 33} Here, on December 11, 2000, defendant filed a motion to withdraw his guilty plea pursuant to R.C. 2943.031 and attached a copy of his written guilty plea entry, a copy of the judgment entry of conviction, and an August 11, 1997 order of the immigration judge, which ordered defendant to be deported to China. Accordingly, defendant substantially complied with the provisions of R.C. 2943.031(D) that require a defendant to demonstrate that "he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the law of the United States." In addition, on April 24, 2001, as directed by the trial court, defendant filed a transcript of his plea.
{¶ 34} In the final analysis, R.C. 2943.031, like Crim.R. 32.1, provides an avenue for remedying a trial court's failure to advise in compliance with the statute. Like Crim.R. 32.1, it provides no time limits in exercising the provided remedy. As with Crim.R. 32.1, we are compelled to conclude a motion under R.C. 2943.031 may be filed at any time, but, pursuant to the language of the statute, the discretion afforded the trial court in Crim.R. 32.1 is absent. Given that defendant complied with the statutory requirements of R.C. 2943.031(D) and the trial court had failed to provide the required advisement under R.C.2943.031(A), under R.C. 2943.031(D) the trial court was statutorily required to set aside the judgment of conviction against defendant. Accordingly, defendant's contention that the trial court erred by not setting aside his judgment of conviction based on R.C. 2943.031(D) is sustained.
{¶ 35} Having found the trial court erred under R.C. 2943.031, we reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
TYACK, P.J., and PETREE, J., concur.