OPINION
{¶ 1} In this consolidated appeal, Provident Consumer Financial Services ("Provident") appeals from a judgment of the Franklin County Municipal Court, Environmental Division, which denied its motion for summary judgment. Because we find Provident is entitled to equitable subrogation, we reverse and remand.
 {¶ 2} According to a joint stipulation of facts and the record, by deed filed June 1, 1973, in Franklin County, Ernest and Saralee Jude ("the Judes") acquired title to 99 South Terrace Avenue in Columbus, Ohio. That same day, a mortgage in favor of the Galbreath Mortgage Company with a principal amount of $15,700 was filed in the Franklin County Recorder's Office. The Galbreath mortgage was later assigned to Boatmen's Bank.
 {¶ 3} In 1990, the Judes executed a second mortgage on the property to secure a revolving line of credit from Bank One in the amount of $17,000; in December 1990, this mortgage was properly filed in the county recorder's office. Later, in 1991, the Judes executed another mortgage in favor of Bank One to secure a revolving line of credit in the amount of $25,000; this mortgage also was properly filed in the county recorder's office. Both the 1990 Bank One mortgage and the 1991 Bank One mortgage shared the same account number.
 {¶ 4} In February 1997, the Judes sought to refinance their mortgage debt through Equity One Mortgage. On February 4, 1997, Bank One sent via facsimile a letter to Chelsea Title Agency of Columbus, Inc., with whom Equity One Mortgage apparently worked, that specified the Judes' account with Bank One had been satisfied, and Bank One had submitted necessary documentation for the lien to be removed. On that same date, Bank One also sent via facsimile a home equity loan payoff statement to the title company that listed a payoff amount of $25,436.95 plus a per diem rate. This payoff statement contained an advisement that "until Bank One receives written authorization from the borrower(s) to close out this line of credit account, we will not release any existing liens"; however, this payoff statement did not indicate whether Bank One had received a release of lien authorization, even though the payoff statement had provisions for Bank One to specify affirmatively or negatively whether Bank One had received a release of lien authorization from the Judes. Indeed, at the time this payoff statement was forwarded by Bank One, the Judes had not executed a written request to close the Bank One account. Consequently, Bank One did not release its 1991 mortgage on the property, and the Judes continued to use the 1991 mortgage's equity line of credit.
 {¶ 5} On February 5, 1997, the Judes executed a mortgage in favor of Equity One Mortgage in the principal amount of $44,000; this mortgage was filed in the county recorder's office on February 13, 1997. Although the filed mortgage correctly listed the street address of the property, the legal description of the property incorrectly described the property as situated in Muskingum County. Equity One Mortgage later assigned its mortgage to Provident. Proceeds from Equity One Mortgage's mortgage were used to extinguish the first mortgage held by Boatmen's Bank and the 1990 Bank One mortgage.
 {¶ 6} In September 1998, the Judes defaulted on payments to Bank One. Later, in December 1998, the Judes reportedly filed for Chapter 7 bankruptcy; subsequently, the bankruptcy trustee reportedly abandoned all interest in the property. According to the environmental court, as a result of the bankruptcy proceedings that concluded in April 1999, the Judes were discharged of their obligations to Bank One and Provident.
 {¶ 7} Subsequently, on March 19, 1999, in case No. 02AP-1266, Bank One brought a foreclosure action against the Judes in the Franklin County Common Pleas Court. On September 24, 1999, the common pleas court issued a foreclosure judgment decree and ordered the property to be sold. Later, on February 16, 2000, the common pleas court confirmed an order of sale and ordered distribution of the proceeds. However, on March 28, 2000, Provident moved to intervene and vacate the sale and, over Bank One's objections, the common pleas court granted Provident's motions.
 {¶ 8} On July 9, 2001, Provident filed a cross-claim against Bank One and the defendants named in Bank One's foreclosure action; in this cross-claim, Provident alleged it had priority over all other liens. On January 31, 2002, Provident moved for summary judgment and contended, as a matter of law, its mortgage had priority based on the doctrine of equitable subrogation and equitable estoppel.
 {¶ 9} On February 15, 2001, during the pendency of the foreclosure action, in case No. 02AP-1268, the city of Columbus filed a complaint in the Franklin County Municipal Court, Environmental Division, against the Judes, Bank One, Provident, and other defendants, because the Judes allegedly failed to maintain their property in compliance with city ordinances, thereby creating a public nuisance.
 {¶ 10} Subsequently, Provident successfully moved both the environmental court and the common pleas court to consolidate case No. 02AP-1266 with case No. 02AP-1268 so that later proceedings would be held before the environmental court. Following the consolidation, the environmental court denied Provident's motion for summary judgment, which Provident earlier had filed in common pleas court. Later, on October 17, 2002, the environmental court filed a permanent injunction and order in which it determined Bank One's lien had priority over Provident's lien, denying Provident's cross-claim. The environmental court also ordered the city of Columbus to withhold any code enforcement action against Bank One as long as Bank One preserved the property from deterioration and proceeded with its foreclosure action.
 {¶ 11} From the environmental court's October 17, 2002 order, Provident timely appeals. Prior to oral argument in this appeal, this court sua sponte consolidated case Nos. 02AP-1266 and 02AP-1268 because the cases involved similar parties and issues.
 {¶ 12} In this appeal, Provident assigns the following two assignments of error:
 {¶ 13} "[1.] The trial court erred in denying Provident's Motion for Summary Judgment on the issue of equitable subrogation.
 {¶ 14} "[2.] The trial court erred in denying Provident's motion for summary judgment on the issue of equitable estoppel."
 {¶ 15} As a preliminary matter, although not raised by the parties, we consider whether the environmental court's October 17, 2002 order that is captioned "Permanent Injunction and Order" constitutes a judgment entry and a final appealable order. See General Acc. Ins. Co. v. Ins. Co. of N. America (1989), 44 Ohio St.3d 17, 20 ("[i]t is well-established that an order must be final before it can reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction"). See, also, R.C. 2505.02(B)(1) (an order is a final order when it "affects a substantial right in an action that in effect determines the action and prevents a judgment").
 {¶ 16} "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." Hamilton Cty. Bd. of Mental Retardation Developmental Disabilities v. Professionals Guild of Ohio (1989), 46 Ohio St.3d 147, 153. Here, although not captioned as a "judgment entry," the environmental court's order, which expressly specified it was a final appealable order, determined the priority of Bank One's 1991 mortgage and Provident's mortgage, thereby wholly resolving the priority dispute between Bank One and Provident. Moreover, by specifying the order was final and appealable, the environmental court noted its intention to effect a termination of the litigation concerning the parties' priority dispute. See Peters v. Arbaugh (1976),50 Ohio App.2d 30, 32 (concluding the civil rules do not require a judgment to be written in any particular form, except as required by Civ.R. 54, and a judgment entry must disclose a court's present intention to terminate the parties' dispute). Moreover, even if Civ.R. 54(B) language be required, its absence is not fatal. See General Acc. Ins. Co., at 21 ("absence of Civ.R. 54(B) language will not render an otherwise final order not final"). Finally, although the record from the common pleas court does not contain a final judgment entry, under these circumstances, we do not find this omission prevents our review based on the common pleas court's intention to have the matter consolidated in the environmental court. Therefore, based on the foregoing, we find the environmental court's October 17, 2002 order constitutes a final judgment and is ripe for appellate review.
 {¶ 17} Appellate review of summary judgment motions is conducted under a de novo standard. First Union Natl. Bank v. Harmon, Franklin App. No. 02AP-77, 2002-Ohio-4446, at ¶ 14, citing Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162, appeal not allowed (1998), 81 Ohio St.3d 1432. Summary judgment is proper when a movant for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 18} Under Civ.R. 56(C), a movant bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once a movant discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher at 293; Vahila v. Hall (1997), 77 Ohio St.3d 421, 430; Civ.R. 56(E).
 {¶ 19} Provident's first assignment of error asserts the trial court erred because it failed to apply the doctrine of equitable subrogation. Provident contends its mortgage was intended to be a first and best lien on the Judes' property and, because Bank One's mortgages were filed after Boatmen's mortgage, Bank One had no expectation that its mortgages would have first priority. Therefore, according to Provident, if Bank One's lien were deemed to have priority, Bank One would be unjustly enriched.
 {¶ 20} Conversely, Bank One contends Provident, as an experienced provider of mortgage services, should have required the Judes to close the existing line of credit on the same property that Provident sought to encumber. Because it did not, Bank One contends Provident should not be granted equitable relief. See Bank of New York v. Fifth Third Bank of Cent. Ohio (Jan. 30, 2002), Delaware App. No. 01 CAE 03005 (" `[w]hen the secured party does not protect its own interest by ensuring that the first loan is canceled before extending credit, this Court will not invoke equity to compensate for shortcomings easily avoided'").
 {¶ 21} Under R.C. 5301.23(A), "the first mortgage recorded shall have preference" over subsequently recorded mortgages. See, also, First Union Natl. Bank at ¶ 16. However, the doctrine of equitable subrogation can defeat this statutory principle of first in time, first in right. First Union Natl. Bank at ¶ 17.
 {¶ 22} As this court noted in First Union Natl. Bank:
 {¶ 23} "* * * `Equitable subrogation arises only by operation of law when one having a liability or right * * * in the property pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor who he has paid.' * * * `Equitable subrogation is essentially a theory of unjust enrichment.' * * * `"[E]quity in the granting of relief by subrogation is largely concerned with * * * the prevention of frauds and relief against mistakes, and it is correctly stated that the right to it depends upon the facts and circumstances of each particular case.'" * * * `"In order to entitle one to subrogation, his equity must be strong and his case clear.'" Id. at ¶ 17 (Citations omitted.)
 {¶ 24} Here, Bank One took its mortgages in 1990 and 1991 subject to a prior mortgage. Therefore, Bank One's mortgages were at best second and third in priority. Moreover, the parties have stipulated the Judes sought a loan from Equity One Mortgage with the purpose of refinancing their existing mortgage debt, presumably with the intention to extinguish prior liens so that Equity One Mortgage would maintain a first mortgage lien on the property. Joint Stipulations filed Sept. 24, 2002, at 2, ¶ 7. Under these circumstances, we conclude this cause of action is similar to our precedents of First Union Natl. Bank and Fed. Home Loan Mtge. Corp. v. Moore (Sept. 27, 1990), Franklin App. No. 90AP-546, dismissed (1991), 57 Ohio St.3d 719, in which, after determining other mortgage lien holders did not bargain for or even expect a first lien position, this court applied the doctrine of equitable subrogation. See Fed. Home Loan Mtge. Corp. (concluding lender who did not bargain for or expect a first lien position would cause an unearned windfall for lender); First Union Natl. Bank at ¶ 21. Moreover, the Judes' refinancing of their home in 1997 through Equity One Mortgage does not change the fact Bank One expected its mortgages to be subordinate to another lender. See First Union Natl. Bank at ¶ 21.
 {¶ 25} Furthermore, even assuming Provident's title agent acted negligently by failing to inquire whether Bank One received written authorization from the Judes to close their revolving line of credit that was secured by the 1991 mortgage, any alleged negligence by Provident's title agent is immaterial because Bank One was not misled or injured because Bank One did not bargain for or even expect a first lien position. See Fed. Home Loan Mtge. Corp. (concluding any negligence by title company was immaterial as no one changed position in reliance on the mistake and there was no prejudice to subsequent intervening rights). Therefore, under these circumstances, for Bank One to be granted first lien position would create an unearned financial windfall. See Fed. Home Loan Mtge. Corp.; First Union Natl. Bank at ¶ 21.
 {¶ 26} Additionally, we are unpersuaded by Bank One's contention this case is similar to Bank of New York, supra, and therefore we should not invoke equity. In this case, we acknowledge there is some similarity with Bank of New York because: (1) the case concerns a lender's failure to protect its interest by ensuring a first loan is canceled before extending credit; and (2) the lender's payoff statement included notice that a borrower's written request to close the account was required. However, this case is factually distinguishable from Bank of New York because here Bank One sent additional correspondence to the title agency that specified the Judes' account was satisfied, the account was closed, and Bank One had submitted necessary documents to remove the lien from the property. Because the 1990 and 1991 Bank One mortgages had the same account number, this correspondence, which specified the account had been closed and necessary documentation had been sent to remove the lien, arguably could have created confusion for the title company. Accordingly, we find Bank of New York inapposite to this case.
 {¶ 27} Consequently, under the facts of this case and consistent with our own precedents, we find Provident's equity is strong and clear, and we find application of the doctrine of equitable subrogation is warranted. Under these circumstances, if Bank One were to advance to first priority position, this would cause Bank One to receive an unearned windfall. Accordingly, we find Provident's mortgage should be given priority over Bank One's 1991 mortgage, and we sustain Provident's first assignment of error.
 {¶ 28} Having sustained Provident's first assignment of error, Provident's second assignment of error is rendered moot and, therefore, we do not consider it here.
 {¶ 29} Accordingly, having sustained Provident's first assignment of error and found moot Provident's second assignment of error, we therefore reverse the judgment of the Franklin County Municipal Court, Environmental Division, and remand this cause to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
BRYANT and TYACK, JJ., concur.