THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

[Cite as State v. Williams (1973), 40 Ohio App. 2d 310.]

(No. 1135—Decided May 8, 1973.)

*Mr. Joseph L. Livorno,* for appellee.
*Messrs. Mueller, Musitano & Haney,* for appellant.

LYNCH, P. J. Defendant, appellant herein, is appealing the judgment of the Belmont County Court, western division, ordering a bond forfeiture of $107 in a traffic violation case.

On February 9, 1973, defendant, a truck driver, was cited for driving his truck 68 miles per hour in a 55 mile per hour zone in violation of R. C. 4511.21. He appeared before the court on February 13, 1973, and pleaded not guilty to the charge. The hearing was set on February 28, 1973, at 1:30 p. m. Bond was set for $107.

On February 28, 1973, defendant, through his attorney, filed an entry of appearance by mail, waived his right to pre-trial motion and requested that the matter be set down for a hearing in due course.

On February 28, 1973, at 1:30 p. m., assistant prosecutor C. Kenneth Henry was in court with his witness, Patrolman Kocsis. At 1:35 p. m. neither defendant, nor his counsel had made an appearance, and the trial court, at the request of assistant prosecutor Henry, ordered the $107 bond forfeited.

Defendant's counsel, who lives in Akron, arrived at 1:40 p. m. and filed a brief relative to this case. The motion of defendant's counsel for an order setting aside the bond forfeiture was overruled by the trial court.

Defendant, who lives in Batavia, Ohio, arrived at 1:55 p. m., and explained that he had taken a wrong turn off of Interstate 70 and had been slowed by local traffic. The trial court offered to proceed with a hearing on the merits of this case, but the defendant decided to appeal the bond forfeiture. The parties submitted an agreed statement of facts. Defendant filed a brief, and both sides were heard on oral argument.

The first question is whether the order appealed from is a final appealable order. R. C. 4507.40 (B) provides that within ten days after the conviction or forfeiture of bail of a person charged with a traffic violation, an abstract of such violation shall be sent to the Bureau of Motor Vehicles. Paragraph (G) provides for the assessment of points against such person for such traffic violation. Paragraph (K) provides for the suspension of a person's operator's license for the accumulation of a certain number of points. See Rule 16 of Rules of Practice in Traffic Cases.

However, paragraph (H) provides that the Bureau of

Motor Vehicles shall delete any points entered for bond forfeiture in the event that it is notified by the proper court that the driver is subsequently acquitted of the offense for which he posted bond.

R. C. 1921.01 provides as follows:

"Either party may appeal from the final judgment of a judge of a county court, to the court of appeals for the county in which the judgment was rendered."

In a criminal case, the sentence is the judgment from which an appeal may be taken. *Toledo* v. *Crews*, 174 Ohio St. 253; *State* v. *Wolfenberger*, 106 Ohio App. 322; *State* v. *Himlerick*, 100 Ohio App. 476; 2 Ohio Jurisprudence 2d 604, Appellate Review, Section 35.

We hold that a bond forfeiture in a criminal case is not a final appealable order. *State* v. *Bevacqua*, 147 Ohio St. 20; *State* v. *Sheppard*, 97 Ohio App. 493.

*Appeal dismissed.*

DONOFRIO and O'NEILL, JJ., concur.