PETERS ET AL., APPELLANTS, *v.* ARBAUGH ET AL., APPELLEES

[Cite as Peters v. Arbaugh (1976), 50 Ohio App. 2d 30.]

(No. 76AP-72—Decided October 14, 1976.)

*Mr. Harold E. Wonnell,* for appellants.
*Mr. Philip Zauderer,* for appellees.

STRAUSBAUGH, P. J. This cause comes before this court on defendants' application for reconsideration and motion to certify this case to the Supreme Court of Ohio. Defendants' request this court to reconsider its decision overruling defendants' original motion to dismiss the appeal. The original motion to dismiss was based on the alleged failure of plaintiffs to file a timely notice of appeal. The dispute around which defendants' original motion centered was the legal effect of the trial court's filing of a document labeled "Decision and Journal Entry" on December 26, 1975, and the subsequent filing by the trial court of a document labeled "Journal Entry" on January 28, 1976. Defendants argued in their original motion that the document filed on December 26, 1975, was the final entry of judgment from which the time period for filing a notice of appeal should have run.

This court, in our decision overruling the original motion, held that the December 26, 1975, entry constituted a decision, and the January 28, 1976, entry constituted the judgment entry. Thus, the notice of appeal filed January 28, 1976, was timely.

Defendants now argue that this court's previous ruling should be reversed on the basis of the recent Ohio Supreme Court ruling in *Millies* v. *Millies* (1976), 47 Ohio St. 2d 43, contending that " * * * from the language contained in footnote two, the decision of *Shore* v. *Chester* (1974), 40 Ohio App. 2d 412, should no longer be followed." Implicit in defendants' proposition is the assertion that this court's decision overruling his original motion was based entirely on *Shore* v. *Chester, supra.* This was not the case. While the reasoning of *Shore* was used, this court also ruled that the December 26, 1975, document could not have been a judgment entry because it was signed by someone other than the judge, thereby being in violation of Civ. R. 58. We disagree.

First, the Supreme Court in *Millies, supra,* specifically stated in the body of its decision that the court was not passing upon the correctness of the *Shore* v. *Chester,* holding.

Secondly, defendants are reading the *Shore* decision too narrowly. While we did state that: " * * * the rules require that the decision be announced to the parties first and then judgment entered pursuant thereto * *. *" (referring to Civ. R. 58 and Franklin County Common Pleas Rule 39.01), we further stated:

" * * * The decision herein *reads like a decision, not a judgment.* There is nothing therein except the caption 'Decision and Judgment Entry' which would cause anyone to believe that it was anything more than the court's written decision." *Shore* v. *Chester, supra* at 414. (Emphasis added.)

In other words, the *Shore* decision did not rule that a document which contains both a decision and judgment entry can never operate as a final appealable order. This court agrees with the statement the Supreme Court cited

from *Associated Press* v. *Taft-Ingalls Corp.* (C. A. 6, 1963), 323 F. 2d 114, at 115:

"There are no hard and fast rules for determining what is a judgment; past cases have set certain boundaries and announced generalizations, but essentially every case must be determined from its own facts."

In at least two cases this court has held that a document entitled "Decision and Judgment Entry" did constitute a "Judgment Entry" because of the language used therein, and the fact that the parties in the case were not misled as to the judge's intentions. See *Ohio Hospital Assn.* v. *Garnes, Admr.*, unreported, Franklin County Court of Appeals No. 74-AP-486 and *Grandstaff, Inc.,* v. *Chapan,* unreported, Franklin County Court of Appeals No. 74AP-593.

While it is clear that the Civil Rules do not require a judgment to be written in any particular form, except for those prohibitions set forth in Civ. R. 54(A), it must disclose the present intention of the court to terminate the dispute between the parties. (If the judgment does not dispose of all the issues in an action involving multiple claims or parties, Civ. R. 54[B] must be complied with.) See 11 Wright and Miller, Federal Practice and Procedure, Section 2781.

A judgment entry should, therefore, contain a "sufficiently definitive formal statement" that indicates the court's *present intention* by such entry to effect a termination of the litigation. See *Millies* v. *Millies, supra* at 45, wherein the Ohio Supreme Court cites *Healy* v. *Pennsylvania R. Co.* (C. A. 3, 1950), 181 F. 2d 934.

This court is of the opinion that it is better practice for a court to separate its decision and judgment entry. However, when a document labeled "Decision and Judgment Entry" contains a sufficiently definitive formal statement which indicates the present intention of the court to finally adjudicate the dispute, that document, even though erroneously entered as indicated by *Shore* will operate as the judgment entry or final appealable order. Upon the entry of such a document on the court's record, the judgment

becomes effective and the time in which a notice of appeal must be filed begins to run. See Civ. R. 58 and App. R. 4 (A).

Although it is better practice for a trial court to separate its decision and judgment entry, and while it may be error under Civ. R. 58 and Rule 39.01 of the Franklin County Court of Common Pleas Rules of Practice, such error is not jurisdictional, and a document labeled ''Decision and Judgment Entry'' which meets the standards set forth above will operate as a judgment entry from which an appeal will lie.

Turning now specifically to the facts in this case, this court is of the opinion that the December 26, 1975, document labeled ''Decision and Journal Entry'' is a decision because such entry does not contain a sufficiently definitive formal statement showing the present intent of the trial court to effect a termination of the case. The January 28, 1976, judgment entry does contain such a formal statement. Thus, the notice of appeal, filed on January 28, 1976, was timely.

As to the appellees' motion to certify this case as being in conflict with *Millies* v. *Millies, supra,* it is our opinion that there is no conflict between this court's decision overruling the original motion to dismiss and the *Millies* case, but further certification would not be possible because the *Millies* decision compels the holding in this case, since the facts in this case are more squarely on point with the facts in *Millies*. Further, the law set forth in the *Millies* case and in this case is the same. Finally, a case cannot be certified on the basis of a conflict between a decision of this court and the Supreme Court, inasmuch as we are compelled to follow the the Supreme Court.

The motions for reconsideration and certification are denied.

*Motions denied.*

WHITESIDE and McCORMAC, JJ., concur.

WHITESIDE, J., concurring. The decision of this court in *Shore* v. *Chester* (1974), 40 Ohio App. 2d 412, and that of the Supreme Court in *Millies* v. *Millies* (1976), 47 Ohio St. 2d 43, are harmonious. Both cases reach essentially the same result for essentially the same reasons. The only difference is that the Supreme Court did not consider or decide the issue of the interpretation of Civ. R. 58 set forth in *Shore*.

In *Shore*, this court held that Civ. R. 58 makes it improper for a trial court to both announce its decision and enter judgment by a single writing, since the rule requires that the decision be first announced to the parties and then a judgment entered pursuant thereto. However, the judgment in *Shore* was not predicated upon a violation of Civ. R. 58. Rather, this court found that there was no violation of Civ. R. 58 as interpreted by this court. We found that the mere label "Decision and Judgment Entry" does not render a judgment out of a writing that is otherwise merely a decision and which does not by language, or by application of Civ. R. 54(B), terminate the action or any separate part thereof.

Accordingly, the import of *Shore* like that of *Millies* is that a case is not terminated by "an equivocal order not readily identifiable as a judgment entry, but rather one arguably intended by the trial judge as an announcement of his decision * * *."

In *Shore*, we found that the caption "Decision and Judgment Entry" standing alone was insufficient to render a judgment out of a writing that in all other respects constituted no more than the announcement of a decision.

We held to the effect that such a caption standing alone did not change the character of the writing which "insufficiently contained notice of its finality." This conclusion was fortified by the fact that the local rules of the trial court expressly provide that the journal entry is to be prepared by counsel rather than the court.

However, where the trial court has unequivocally entered a judgment, the fact that Civ. R. 58, as interpreted by *Shore*, may have been violated does not render the judg-

ment any less a judgment, nor detract from the finality thereof.

The "Decision and Journal Entry" herein involved is much closer in language to constituting a judgment as well as a decision than was that involved in *Shore*.

In fact, the language used in the "Decision and Journal Entry" entered December 26, 1975, is identical to that used in the "Journal Entry" entered January 28, 1976. The only difference is that, in lieu of the introductory sentence contained in the December "entry" ("This case was heard by the Court on December 22, 1975, and submitted"), the following preface was inserted:

"This cause came to be heard on December 22, 1975, by the Court without a jury and the Court having heard the testimony of the witnesses called and the parties having considered the exhibits and statements of counsel finds as follows: * * *"

There is no significant difference in language between the December "entry" and the January "entry." That being the case, it is difficult to find that the December "entry" "insufficiently contained notice of its finality." The December "entry" contains just as sufficient "notice of its finality" as does the January "entry." Furthermore, the record indicates that the January "entry" and the notice of appeal were filed almost simultaneously.

Had the December "entry" been signed by the judge, I would find that it, rather than the January "entry," constituted the judgment herein. As the majority holds, the error in announcing the decision and entering the judgment by a single writing and single "announcement" is not jurisdictional and in no way detracts from the finality of the judgment so erroneously entered.

However, Civ. R. 58 provides that "* * * the court shall promptly cause the judgment to be prepared and, *the court having signed it*, the clerk shall thereupon enter it. A judgment is effective only when filed with the clerk for journalization. * * *" (Emphasis added.)

It is my view, as we originally held herein, that there can be no judgment unless and until it is signed by the

court, that is by the judge personally. The affixing of the judge's name by some unknown person who then initials the "signature" cannot meet the requirement by Civ. R. 58 that the court sign the judgment. The purpose of this requirement is obvious. There need be a clear and unequivocal indication in the record that the action is that of the judge. An initialed "signature" does not furnish that degree of clarity and certainty that is required. This is especially true where the decision and judgment are contained in a single writing since there is no prior indication either orally in open court or by a writing of the court's decision with which the initialed signature judgment can be compared to ascertain whether or not the judgment truly constitutes the action of the judge.

Here apparently the trial judge did not consider the December "entry" as having the requisite finality since he personally signed the January "entry." Since the two were virtually identical in language, the most probable justification for the judge's signing the January "entry" is that it was the *first and only* entry he had signed since he had not personally signed the December "Decision and Journal Entry."

In any event, I concur in the majority finding that a writing cannot constitute a judgment meeting the requirements of Civ. R. 58 unless it is personally signed by the judge entering it.[2]

Regardless of its label, language, or phraseology, a writing not signed by the judge purportedly entering it cannot constitute a judgment. An initialed "signature" does not constitute signing by the court. Accordingly, I concur in the decision overruling the motion for reconsideration.

---

[2]An entry signed by a "designated" judge for an absent judge pursuant to Civ. R. 63 constitutes a judgment since it constitutes action by the "designated" or "duty" judge.