40

The State of Ohio, Appellee, *v.* Ward; Midland
Insurance Company, Appellant.

[Cite as State v. Ward (1978), 53 Ohio St. 2d 40.]

(No. 77-179—Decided February 1, 1978.)

41

Mr. *David E. Bowers*, prosecuting attorney, and *Mr. Richard K. Warren*, for appellee.

*Messrs. Britz & Zemmelman* and *Mr. Harland M. Britz*, for appellant.

*Per Curiam.* All of appellant's propositions of law relate to the procedure employed by the trial court in awarding judgment in favor of the state in the amount of the bond. Appellant urges that the provision of R. C. 2937.36, requiring notification of the surety on a bail bond to show cause why judgment should not be entered against it, following forfeiture, is mandatory; that the failure of the trial court to comply with the mandatory notice requirement of R. C. 2937.36 excuses the surety from liability until such time as a show cause hearing is held; and that a three-month delay in notifying the surety of failure of its principal to appear in court is good cause for not entering judgment against the surety and for giving an extension of time to produce the principal.

R. C. 2937.36(C) provides:

"As to recognizances he [magistrate or clerk] shall notify accused and each surety by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them

to show cause on or before a date certain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail."

The Court of Appeals, addressing appellant's arguments, stated in its opinion the following:

"* * * it must be noted that the appellant was notified of the court's order pursuant to the statute. The essence of its objection is that the alternative of showing good cause by the production of the body, 'or otherwise' was not specifically set forth in the order. It had, however, that right by statute. There is nothing to show anything was done by the appellant during the twenty day period. There is no evidence * * * that, in fact, the defendant was not available or his whereabouts known to the appellant during this period. * * *

"Moreover, a ground for vacation is alone insufficient. There also must be set forth a sufficient defense to the judgment. Here the 'good cause' would constitute the equivalent to a sufficient defense. The good cause asserted is that the surety was not notified when the defendant did not originally appear * * *.

"* * * Does the fact the surety had insufficient time to find the defendant constitute good cause? We think not. The good cause contemplated goes to the presentation of good and sufficient reasons for the nonappearance, not to good and sufficient reasons why the surety could not locate the defendant."

This court agrees with the foregoing reasoning and

·conclusions of the Court of Appeals. Therefore, the judgment of that court is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, PARRINO, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

PARRINO, J., of the Eighth Appellate District, sitting for CELEBREZZE, J.