{¶ 23} I respectfully dissent. "Good cause" is used repeatedly through out statutory and case law and has never been as narrowly interpreted. "Good cause" necessarily will be "fact specific" and determined on a case-by-case basis. Courts have defined "good cause" in many respects. The Ohio Supreme Court has defined "good cause" in the failure to appear context as "good and sufficient" reasons for the nonappearance. State v. Ward
(1978), 53 Ohio St.2d 40, 42.
 {¶ 24} In Flaugher v. Sun Beach Service (Jan. 7, 1993), 4th District No. 2046, a claimant mistakenly thought the bureau of unemployment compensation would call her and had her appeal dismissed when she failed to appear for a telephone hearing. In finding "good cause" for her nonappearance, the Fourth District Court of Appeals reasoned:
"Telephone hearings can achieve cost savings for the OBES, but as with any hearing process there can be mix-ups and confusion. In spite of the fact that people make mistakes, these telephone hearings must meet minimal due process standards. * * *
"* * *
"* * *
"DeHart v. Aetna Life Insurance Co. (1982), 69 Ohio St.2d 189
spoke to local appellate rules, but the principle is applicable here. The DeHart court stated:
"`* * * rules must encourage promptness and efficiency on the one hand and fairness and justice on the other.' Id. at 192."
 {¶ 25} I feel "good cause" was shown here. This was not just the usual case of forgetfulness. First, it was a telephonic hearing which is unusual in and of itself. Second, it was outside of the normal court day since it was scheduled at 7 p.m. Third, the assistant prosecutor did remember the hearing and could have appeared if he had had access to his file. Unfortunately, since it was after hours, the prosecutor's office was locked and he was unable to remember his pass code to get into the building. Without his file he did not the number to call for the hearing. The assistant prosecutor called the very next morning and explained his dilemma. This was not willful conduct on his part, but a simple mistake. While the assistant prosecutor's mistake here inconvenienced appellee and the claimant, it is not of such a degree to warrant dismissal of the employer's appeal which is the harshest sanction available. I would affirm.