DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated, consolidated appeal from the decisions of the Lucas County Court of Common Pleas denying remission of bond in common pleas case numbers CR-2003-2716 and CR-2003-3672. Because we conclude that the record in CR-2003-2716 supported the trial court's findings in that case, we affirm. The trial court's findings, however, are not supported by the record in CR-2003-3672, and therefore, we reverse and remand for hearing.
 {¶ 2} Facts
 {¶ 3} The question in this consolidated appeal is whether the trial court abused its discretion when it did not remit any portion of the forfeited bonds to appellant, Capital Bonding Corporation/Blue Collar Bonding ("Capital Bonding").[1]
Lavelle Rich was indicted on August 5, 2003 in Lucas County case number CR-2003-2716. He was arraigned on August 19, 2003, and the $5,000 surety bond issued by Wittenberg Associates Agency was continued. The matter was scheduled for trial on September 11, 2003, but Rich failed to appear. A capias was issued with a new bond set at $7,500, no ten percent. Rich was arrested on September 24, 2003, and Capital Bonding posted his bond on October 2, 2003. After Rich again failed to appear for trial on October 14, 2003, a second capias was issued and bond forfeiture proceedings were initiated. Bond was ultimately ordered forfeited on January 30, 2004 after several continuances. Capital Bonding located Rich and surrendered him to the Lucas County Sheriff on February 14, 2004.[2] It filed a motion for remission of the forfeited bond on February 20, 2004, and amended its motion on February 24, 2004. In an order filed March 8, 2004, the trial court found that (1) the surety was instrumental in securing Rich; (2) the delay was an inconvenience, expense, and prejudicial to the state; (3) the surety was negligent in conducting a reasonable investigation concerning the issuance of bond as Rich had previously failed to appear; and (4) the surety did not present some basis or grounds to grant remission. Capital Bonding filed a second motion for remission on March 15, 2004, and attached an affidavit detailing the surety's efforts to recapture Rich. The trial court again denied the motion, referring to its previous decision filed March 8, 2004.
 {¶ 4} Lavar Devault was indicted on December 4, 2003 in Lucas County case number CR-2003-3672. A $2,500 bond had previously been posted by Capital Bonding while the charges had been pending in Toledo Municipal Court. Devault failed to appear for his arraignment set for December 16, 2003. A capias was issued, and a bond forfeiture hearing was scheduled. Bond was ordered forfeited on January 13, 2004 after the surety did not appear for the forfeiture hearing. Devault was surrendered to the Lucas County Sheriff on February 5, 2004 by Capital Bonding. Devault was arraigned and released on a supervised own recognizance bond on February 12, 2004.[3] Capital Bonding filed a motion to remit the forfeited bond on February 20, 2004, and amended the motion on
 {¶ 5} February 24, 2004. In a judgment entry filed March 3, 2004, the trial court found that (1) the surety was instrumental in securing Devault; (2) the delay was an inconvenience to the state; (3) the surety was negligent in conducting a reasonable investigation concerning the issuance of bond as Devault had many prior failures to appear; and (4) the surety did not present some basis or grounds to grant remission. Capital Bonding filed a second motion for remission on March 15, 2004, and attached an affidavit detailing the surety's efforts to recapture Devault. The trial court again denied the motion, referring to its previous decision filed March 3, 2004. Capital Bonding now appeals the denial of its motions for remission.
 {¶ 6} Assignment of Error
 {¶ 7} "The trial court abused its discretion in denying appellant's motions for remission of bond."
 {¶ 8} Procedural Issues
 {¶ 9} Initially, we note that the state raises two procedural issues in its brief. First, the state contends that Capital Bonding did not appeal from March 3, 2004 judgment entry in CR-2003-3672 and the March 8, 2004 judgment entry in CR-2003-2716. In the notices of appeal, Capital Bonding indicated that the orders it was appealing were the March 18, 2004 judgment entries denying its second motion for remission in both CR-2003-2716 and CR-2003-3672. The state argues that because the notice of appeal is not from the March 3 and March 8 judgment entries, Capital Bonding cannot challenge the factual findings the trial court made in denying the first set of motions for remission. Although the notices of appeal referenced only the March 18 judgment entries, the March 3 and March 8 judgment entries were attached to the notice of appeal in their respective cases. In addition, the trial court referenced and incorporated its earlier decisions when it issued the March 18 judgment entries. The state, therefore, was on notice that the findings in the March 3 and March 8 judgment entries were also at issue.
 {¶ 10} The state also argues because Capital Bonding's notice of appeal was not filed within thirty days of the March 3, 2004 and March 8, 2004 judgment entries, any appeal from these judgment entries would also be untimely. App.R. 4(A) provides that a party shall file a notice of appeal within 30 days of the later of entry of the judgment or order appealed. App.R. 4(D) further provides that "entry" or "entered" means when a judgment or order is entered under Civ.R. 58(A) or Crim.R. 32(C). Pursuant to Crim.R. 32(C), the final judgment entry is the one that sets forth the plea, the verdict or findings, and the sentence. It is the journalization of the judgment of conviction in a criminal case that triggers the 30 day time period for appeal. Capital Bonding was not required to file its notice of appeal until Rich's and Devault's sentencing entries were journalized. Therefore, the March 3 and March 8 judgment entries are timely appealed.
 {¶ 11} Second, the state challenges what evidence can be considered on appeal. It argues that since Capital Bonding did not request transcripts of the bond forfeiture hearings we must presume the regularity of the proceedings. The issue in this case is not whether the bond should have been forfeited but whether any portion of the forfeited bond should be remitted. The factors to be considered on remission involve events that occurred after forfeiture; therefore, it was not necessary for Capital Bonding to include the transcripts of the bond forfeiture hearings. The state also contends that the exhibits attached to Capital Bonding's appellate brief are outside of the record because they were not before the trial court. A review of the record, however, reveals that these exhibits were attached to Capital Bonding's March 15, 2004 motions for remission in both CR-2003-2716 and CR-2003-3672 and are properly before this court.
 {¶ 12} Bond Remission after Forfeiture
 {¶ 13} A surety can file a motion for remission of a forfeited bond with the trial court upon the reappearance of a defendant pursuant to R.C. 2937.39. This statute provides: "After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or rearrest of the accused on the charge, may remit all or such portion of the penalty as it deems just * * *." The disposition of a motion to remit a forfeited bond is a matter within the discretion of the court. State v. Patton
(1989), 60 Ohio App.3d 99, 101. Therefore, our review is limited to whether the trial court abused that discretion. State v. Am.Bail Bond Agency (1998), 129 Ohio App.3d 708, 713. An abuse of discretion is more than a mere error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In Patton, this court held that the trial court's discretion must be exercised in light of all attendant circumstances. Patton, supra. at 101.
 {¶ 14} The purpose of bail is to insure that the accused appears at all stages of the criminal proceedings. State v.Hughes (1986), 27 Ohio St.3d 19, 20. Furthermore, the purpose of bail is not punitive but to secure the presence of the defendant.Dudley v. United States (5th Cir. 1957), 242 F.2d 656. As a result, in determining whether to remit a forfeited bond, the trial court should consider (1) the circumstances surrounding the reappearance of the accused, including timing and whether that reappearance was voluntary; (2) the reasons for the accused's failure to appear; (3) the inconvenience, expense, delay, and prejudice to the prosecution caused by the accused's disappearance; (4) whether the surety was instrumental in securing the appearance of the accused; (5) any mitigating circumstances; and (6) whether justice requires that the total amount of the bond remain forfeited. Am. Bail Bond Agency,
supra. at 712-713; State v. Duran (2001), 143 Ohio App.3d 601,604. While the forfeiture should bear a reasonable relationship to the costs and inconvenience in regaining custody of the accused and again preparing for trial, Patton, supra. at 101, "the public has an interest in ensuring that bail bond companies devote sufficient time and resources to the posting of bail bonds for persons accused of committing serious crimes. Holding bail bond companies harmless when an accused fails to appear for a preliminary hearing would encourage bail bond companies to post bonds without considering whether an accused person intends to fully fulfill his or her bond obligations." Am. Bail BondAgency, supra at 715. As stated in State v. Jackson,153 Ohio App.3d 520, 2003-Ohio-2213 at ¶ 9, "when considering a request for post-appearance bond remission pursuant to R.C. 2937.39, a trial court should balance the reappearance of the accused and the efforts expended by the surety to effectuate the reappearance against the inconvenience, expense and delay suffered by the state and any other factors the court finds relevant."
 {¶ 15} Capital Bonding argues that the trial court erred by not granting its motions for remission because its efforts were seminal in securing Rich's and Devault's reappearance and there was nothing in the record to show that the state was prejudiced by the delay in either case. The trial court made similar findings in both cases. It found that Capital Bonding was instrumental in securing the defendants but also found that Capital Bonding did not present some basis or grounds for remission and was negligent in issuing the bonds because both defendants had previously failed to appear. In both cases, the trial court made the finding that the delay inconvenienced the state, and in CR-2003-2716, the trial court added that the delay caused prejudice and expense to the state.
 {¶ 16} In CR-2003-2716, the record shows that Rich had previously failed to appear for trial and had been recaptured when Capital Bonding issued its bond. After the state had gone to the expense of preparing for a second trial and issuing subpoenas, Rich failed to appear again for trial. Although Rich was secured four months later by Capital Bonding, the factors weigh against remission. The record shows that Rich did not reappear voluntarily, his failure to appear was willful, there was expense and inconvenience to the state, and Capital Bonding was negligent in issuing the bond. We, therefore, conclude that the trial court did not abuse its discretion in denying remission.
 {¶ 17} Unlike CR-2003-2716 and contrary to the trial court's findings, the record in CR-2003-3672 does not show that Devault had previously failed to appear. It is unclear how the trial court determined that Capital Bonding was negligent in issuing a bond without notice of a previous failure to appear. There is also some indication on the record that Devault's failure to appear was not willful. Unlike Rich, who had actual notice of his two trial dates and failed to appear both times, a criminal summons was issued informing Devault of his arraignment date. The record shows that the summons was returned undelivered; therefore, it is unclear whether Devault aware of his arraignment date. It is interesting to note that after his reappearance, the trial court placed Devault on a supervised own recognizance bond. There was less than a two month delay in prosecuting the case, and nothing in the record indicates how the state was inconvenienced. Because the trial court's findings are not supported by the record, the trial court abused its discretion in denying Capital Bonding's motion for remission in CR-2003-3672. A hearing should be held to determine the amount of the forfeited bond that should be remitted to Capital Bonding.
 {¶ 18} Capital Bonding's assignment of error is well-taken in part and not well-taken in part. The judgment of the Lucas County Court of Common Pleas is affirmed in case number CR-2003-2716 and reversed and remanded for further proceedings in case number CR-2003-3672. Pursuant to App.R. 24, costs of this appeal are assessed equally to appellant and appellee.
Judgment affirmed, in part, and reversed, in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Lanzinger, J. concur.
[1] It appears that Capital Bonding Corporation and Blue Collar Bonding are affiliated companies. Some of the proceedings were conducted under the name Blue Collar Bonding while others were done under the name Capital Bonding. For ease of discussion, we will refer to both of them as Capital Bonding.
[2] Rich ultimately changed his plea to "no contest" and was sentenced on March 23, 2004.
[3] Devault also changed his plea to no contest and was sentenced on April 20, 2004.