{¶ 27} The majority misapplies R.C. 2937.36(C) and misconstrues the holding in State v. Ward (1978), 53 Ohio St.2d 40.
 {¶ 28} Courts are authorized by Crim.R. 46(A) to release an accused upon the posting of an amount and type of bail set by the court. "Bail" is a form of security such as cash or a bond. Black's Law Dictionary (Seventh Ed.). Crim.R. 46(A)(3) authorizes the court to accept a surety bond as bail. "A surety bond is a contract in which the surety promises the court that it will pay a monetary penalty if the accused who is released on the bond posted by the surety fails to appear in court when ordered." State v. Scherer (1995), 108 Ohio App.3d 586, 590.
 {¶ 29} Forfeiture of bail is governed by R.C. 2937.35, which states:
 {¶ 30} "Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate *Page 7 
before whom he is to appear. But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date."
 {¶ 31} R.C. 2937.35 authorizes the court to do either of two things when a defendant fails to appear when ordered. The court may order the bail he has posted forfeit. Or, the court may instead continue the defendant's appearance to a later date. If it does the latter, the court may adjudge the bail forfeit on that later date if the defendant fails to appear, subject to a condition precedent: the court must first notify the defendant and any surety who has posted his bond as the defendant's bail of the continuance the court ordered.
 {¶ 32} R.C. 2937.36(C) imposes a further requirement when the bail the court forfeits is a surety bond posted pursuant to Crim.R. 46(A)(3). The court must notify the defendant and the surety by ordinary mail of an order forfeiting the defendant's bail, "and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from (the) date of mailing the notice, why judgment should not be entered against each of them for the penalty stated in the recognizance." R.C. 2937.36(C). If the defendant is not produced or good cause for his previous non-appearance is not shown within the time prescribed, "the court . . . shall thereupon enter judgment against the sureties . . . so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of the forfeiture, and shall award execution therefor as in civil cases."
 {¶ 33} From the foregoing, several facts are clear, or should be. A "bail" conditions a defendant's release, but it is not the bond. A surety's bond instead secures the bail. Also, it is the "bail" that is forfeited, not the bond. Rather, after a bail forfeiture, a judgment is entered on *Page 8 
the bond against the surety as a penalty, in the amount of the bail that was ordered forfeit. The majority's analysis ignore those distinctions, leading it to misconstrue the law applicable to them.
 {¶ 34} In the present case, when the Defendant failed to appear as ordered on March 16, 2006, the court notified the surety by letter that the Defendant's appearance was continued to June 15, 2006, and that a forfeiture would then be ordered if the Defendant failed to appear. That is a procedure contemplated by R.C. 2937.35. When the Defendant failed to appear, the court on June 19, 2006, ordered the Defendant's bail forfeit, also in accordance with R.C. 2937.35. The problem is that, in that same judgment, the court also entered judgment against the surety on its bond, absent the prior notice mandated by R.C. 2937.36(C).
 {¶ 35} In State v. Ward, the court ordered a bail forfeit for the accused's nonappearance, and two months later entered judgment against the surety on its bond. The court failed to provide the surety the prior notice and opportunity mandated by R.C. 2937.36(C). However, the judgment against the surety in Ward also provided: "It is further ordered that the surety herein shall produce the body of said defendant within 20 days of this date or said judgment shall be final."
 {¶ 36} The surety in Ward failed to produce the body of the accused within the time provided. On appeal from the judgment on its bond, the surety argued that the court's failure to provide the prior notice and opportunity required by R.C. 2937.36(C) was itself "good cause" for the surety's failure. The Court of Appeals rej ected that contention, stating: "The good cause contemplated goes to the presentation of good and sufficient reasons for the nonappearance, not good and sufficient reasons why the surety could not locate the defendant." Ward, at p. 42. The *Page 9 
court further "noted that the (surety) was notified of the court's order pursuant to the statute." Id. On review, the Supreme Court approved and adopted the decision of the Court of Appeals.
 {¶ 37} Ward stands for the proposition that a surety's right to avoid a judgment on its bond following a bail forfeiture which is conferred by R.C. 2937.36(C) may be satisfied by the form of conditional judgment against the surety the trial court ordered in Ward. In the present case, no such conditional judgment was ordered. Rather, the judgment against the surety was final when it was entered, simultaneous with the bail forfeiture, and the surety was afforded no opportunity to avoid the judgment pursuant to R.C. 2937.36(C). Therefore, having denied the surety a substantive right conferred by that section, the trial court's judgment was erroneous and should be reversed. I would reverse and remand for further proceedings on the bail forfeiture the court ordered. *Page 1