DEPARTMENT OF LIQUOR CONTROL, Appellee,

v.

CALVERT, Appellant.

[Cite as *Dept. of Liquor Control v. Calvert*, 195 Ohio App.3d 627, 2011-Ohio-4735.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–10–055.

Decided Sept. 2, 2011.

Robert Hart, for appellee.

Loretta Riddle, for appellant.

---

YARBROUGH, Judge.

{¶ 1} Appellant, Holly P.J. Mayo, a bondswoman doing business as Mayo Bail Bond & Surety, appeals from a judgment ordering Mayo to pay on a forfeited recognizance within 30 days from the judgment. For the following reasons, we reverse the judgment of the trial court and remand this case for proceedings consistent with this decision.

{¶ 2} On July 4, 2010, Vernon Calvert was arrested and charged with one count of underage under the influence, a misdemeanor of the first degree, and one count of persistent disorderly conduct, a fourth-degree misdemeanor. Calvert's total bail was set for $1250. Mayo posted a surety bond in the same amount, and Calvert was released from jail.

{¶ 3} Calvert appeared in court on July 6, 2010, pleaded no contest to both charges and was found guilty by the trial court. The court then ordered a presentence investigation, and Calvert's sentencing hearing was continued to August 10, 2010.

{¶ 4} Calvert subsequently failed to appear at sentencing. As a result, in an entry journalized on August 10, 2010, the trial court issued a bench warrant for Calvert's arrest and ordered a bond-revocation hearing to be held within ten days. The trial court set the hearing for August 24, 2010, and mailed notice to Calvert, Mayo Bail Bond, and the prosecutor. On August 24, 2010, the parties failed to appear and the court ordered forfeiture of the bond. Notice of the forfeiture order was sent to Mayo and Mayo Bail Bond.

{¶ 5} On September 20, 2010, the trial court ordered that copies of the August 10 and August 24, 2010 journal entries be sent to Mayo by certified mail. Included in this mailing was notice that the trial court had scheduled a review hearing for October 1, 2010. Mayo Bail Bond and the prosecutor were also notified. Mayo signed the certified mail return receipt on September 22, 2010.

However, neither the defendant nor Mayo appeared at the October 1, 2010 hearing.

{¶ 6} On October 5, 2010, the trial court issued a judgment entry in which it ordered that a bond-revocation hearing be held in 30 days, pursuant to R.C. 2937.36. The court also ordered Mayo to be notified per statute. The court scheduled the hearing for November 9, 2010, and sent notice by ordinary mail to Mayo at Mayo Bail Bond, on October 25, 2010. Notice was also sent to Calvert, Mayo Bail Bond, and the prosecutor.

{¶ 7} On November 9, 2010, the trial court issued the judgment entry from which this appeal is taken. The judgment entry states: "[N]either [Calvert] nor bondsperson appeared—bond ordered forfeited per statute—notify bondsperson to pay in bond [within] 30 days."

{¶ 8} Appellant now asserts the following assignment of error:

{¶ 9} "When the magistrate or clerk of courts fails to follow R.C. § 2937.36, a municipal court lacks jurisdictin [sic] and abuses its discretion when the court orders a bondswoman to pay a forfeited bond when a defendant failed to appear prejudicing the rights of the bailbondswoman."

{¶ 10} Initially, we must clarify the difference between "bail" and "bond," since the parties and the trial court use the terms interchangeably. R.C. 2937.22(A) defines "bail" as "security for the appearance of an accused to appear and answer to a specific criminal or quasi-criminal charge in any court or before any magistrate at a specific time or at any time to which a case may be continued, and not depart without leave. It may take any of the following forms: * * * (1) The deposit of cash by the accused or by some other person for the accused; * * * (3) The written undertaking by one or more persons to forfeit the sum of money set by the court or magistrate, if the accused is in default for appearance, which shall be known as a recognizance."

{¶ 11} In short, bail is a form of security that can be in the form of cash or a recognizance. The purpose of bail is to ensure that the accused appears at all stages of the criminal proceedings. *State v. Hughes* (1986), 27 Ohio St.3d 19, 20, 27 OBR 437, 501 N.E.2d 622; *State v. Rich,* 6th Dist. No. L–04–1102, 2004-Ohio-5678, 2004 WL 2390085, ¶ 14. Crim. R. 46(A)(3) permits courts to accept a surety bond, a form of recognizance, as bail. "A surety bond is a contract in which the surety promises the court that it will pay a monetary penalty if the accused who is released on the bond posted by the surety fails to appear in court when ordered." *State v. Scherer* (1995), 108 Ohio App.3d 586, 590, 671 N.E.2d 545.

{¶ 12} Should the accused fail to appear in court when ordered, the trial court can then take two separate actions regarding bail: (1) order the bail forfeited, in

whole or in part, or (2) continue the case to a later date and give notice of the date to the accused and the bail depositor or sureties and adjudge the bail forfeited upon the accused's failure to appear at the later date. R.C. 2937.35.

{¶ 13} If the bail forfeited is a recognizance such as a surety bond, the court must take additional action, outlined in R.C. 2937.36 (January 1, 1960),[1] which states:

{¶ 14} "Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:  * * * (C) As to recognizances he shall notify accused and each surety by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause *on or before a date certain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from date of mailing notice*, why judgment should not be entered against each of them for the penalty stated in the recognizance.  If good cause by production of the body of the accused or otherwise is not shown, *the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond*, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases * * *."  (Emphasis added.)

{¶ 15} Thus, once the court orders the bail forfeited and if the posted bail was in the form of a surety bond, the court must notify the accused and the surety[2] and give them a date at least 20 days from the date of the mailing, but not more than 30 days,[3] to show cause why a judgment should not be entered for the penalty stated in the recognizance.  If no good cause is shown, then the court or magistrate must enter judgment against the surety, in an amount not exceeding the penalty of the bond as set in the adjudication of forfeiture.  See also *State v. Martin*, 2d Dist. No. 21716, 2007-Ohio-3813, 2007 WL 2164151, ¶ 32 (Grady, J. dissenting).

{¶ 16} Having distinguished between bail and bond, we must next address the state's argument that this appeal is not timely filed and should therefore be dismissed.  Appellee asserts that the trial court's forfeiture order of

1.  This court recognizes that this version of R.C. 2937.36 is in effect only until September 30, 2011.  R.C. 2937.36, as amended by Section 1, Am.Sub.H.B. No. 86.

2.  R.C. 2937.36, as amended by Section 1, Am.Sub.H.B. No. 86, provides, "[T]he magistrate or clerk shall notify the accused and each surety *within fifteen days after the declaration of the forfeiture* by ordinary mail * * *." (Emphasis added.)

3.  R.C. 2937.36, as amended by Section 1, Am.Sub.H.B. No. 86, provides that the show-cause date "shall be not less than forty-five nor more than sixty days from the date of mailing notice."

August 24, 2010, is the order from which this appeal lies. We disagree. In pending criminal cases, an order to forfeit bail is not final and appealable. *State v. McLaughlin* (1997), 122 Ohio App.3d 418, 420, 701 N.E.2d 1048, citing *State v. Bevacqua* (1946), 147 Ohio St. 20, 33 O.O. 186, 67 N.E.2d 786; *State v. Williams* (1973), 40 Ohio App.2d 310, 69 O.O.2d 280, 319 N.E.2d 223. These cases, however, deal with whether an *accused* can appeal a forfeiture order or an order with excessive bail. We must determine whether a *surety* can appeal from a bail-forfeiture order.

■ {¶ 17} Ohio law is well established that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Section 3(B)(2), Article IV, Ohio Constitution. However, appellate courts have no jurisdiction over orders that are not final and appealable. *State v. Steigerwald*, 6th Dist. Nos. L–10–1104 and L–10–1105, 2011-Ohio-1398, 2011 WL 1086589, ¶ 15, citing *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 6.

{¶ 18} R.C. 2505.02 defines "final and appealable order" as "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial." See also *Sabrina J. v. Robbin C.* (Jan. 26, 2001), 6th Dist. No. L–00–1374, 2001 WL 85157.

{¶ 19} An order of bail forfeiture adjudicated pursuant to R.C. 2937.35, where a surety bond is posted as bail, is not final and appealable but is interlocutory in nature because the court must take additional action for the recovery of the amount stated in the bail bond. Once an order of forfeiture is adjudicated pursuant to R.C. 2937.35, and if the posted bail is in the form of a surety bond, the court must enter judgment against the surety, through the procedure set forth in R.C. 2937.36. Therefore, the August 24, 2010 order of forfeiture was not final and appealable, because the posted bail was in the form of a surety bond and further action by the court was required pursuant to R.C. 2937.36.

■ {¶ 20} Rather, the trial court's judgment against the surety, rendered on November 9, 2010, is final and appealable. In deciding this, we look at the intent of the trial court to determine whether the entry was meant to be the final judgment in the matter. See *Millies v. Millies* (1976), 47 Ohio St.2d 43, 44, 1 O.O.3d 26, 350 N.E.2d 675. "This intent can be ascertained by looking to the circumstances surrounding the issuance of the entry. * * * [A] document is likely to be considered a judgment entry where it contains a 'sufficiently definitive formal statement' indicating the court's intent to conclude the litigation

by such entry." *State v. Crosby,* 12th Dist. No. CA2009–01–001, 2009-Ohio-4936, 2009 WL 2991129, ¶ 16, citing *Peters v. Arbaugh* (1976), 50 Ohio App.2d 30, 32, 4 O.O.3d 17, 361 N.E.2d 531, quoting *Millies* at 45.

{¶ 21} In the instant case, the trial court declared the bail forfeited on August 24, 2010. The court's entry on October 5, 2010, plainly indicated that the November 9, 2010 hearing was to be held in accordance with R.C. 2937.36, which provides for judgments against sureties. Further, in its judgment, the trial court specifically ordered the surety to pay "in bond" within 30 days. Clearly, it was the intent of the trial court that the November 9, 2010 entry was the final judgment against the surety, not the August 24, 2010 order. Accordingly, we find no merit in the state's argument for dismissal.

{¶ 22} Turning to appellant's assignment of error, she contends that the trial court failed to properly notify her and Calvert of the November 9, 2010 hearing and failed to enter judgment in a specific monetary amount as required by R.C. 2937.36.

{¶ 23} This court reviews the forfeiture of a surety bond using an abuse-of-discretion standard. *State v. Barnes,* 6th Dist. No. S–10–025, 2011-Ohio-799, 2011 WL 662926, ¶ 22, citing *State v. Owens,* 11th Dist. No. 2003–A–0088, 2004-Ohio-5941, 2004 WL 2526412, ¶ 12. Therefore, the trial court's decision will not be reversed absent a showing that the court's attitude in reaching its judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 24} Upon Calvert's failure to appear on August 10, 2010, the trial court continued the matter to August 24, 2010. Both Calvert and Mayo Bail Bond were notified of this date. Upon Calvert's failure to appear on August 24, 2010, the trial court ordered his bail forfeited. This is consistent with the requirements set forth in R.C. 2937.35.

{¶ 25} Thereafter, on September 20, 2010, the trial court sent notice of the forfeiture to Mayo, which she received on September 22, 2010. The notice informed Mayo that a hearing on the forfeiture would be held on October 1, 2010. Admittedly, this notice did not comply with R.C. 2937.36, because it ordered a hearing within ten days and failed to notify Calvert. However, when Calvert and Mayo failed to appear, the trial court issued an additional order on October 5, 2010, requiring that a hearing be set in 30 days, pursuant to R.C. 2937.36. A hearing was then scheduled for November 9, 2010, and notice of the hearing was sent to Mayo at Mayo Bail Bond by ordinary mail on October 25, 2010. Thus, the hearing date was only 16 days from the date of mailing notice. Calvert and the prosecutor were each sent a copy of this notice.

{¶ 26} Appellant does not argue that she failed to receive the notice or that she was prejudiced by the trial court's failure to comply with R.C. 2937.36. She does not argue that she could have shown good cause for Calvert's nonappearance; instead, she argues that the trial court's notice itself was defective. In regard to the trial court's failure to notify per statute, the notice of the initial hearing was sent by certified mail on September 21, 2010. Mayo signed the return receipt on September 22, 2010. Thereafter, upon her failure to appear for the hearing held on October 1, 2010, the trial court gave appellant another opportunity to show cause by November 9, 2010. The notice for the November 9, 2010 hearing was admittedly mailed less than 20 days before the hearing.

{¶ 27} This court has previously held that unless a surety can show prejudice— i.e., that appellant could have demonstrated good cause, pursuant to R.C. 2937.36(C), had she received the statutory notice—the trial court did not abuse its discretion in entering judgment against the surety. *Barnes*, 2011-Ohio-799, 2011 WL 662926, at ¶ 30; *Toledo v. Floyd*, 185 Ohio App.3d 27, 2009-Ohio-5507, 923 N.E.2d 159; *State v. Huffman*, 6th Dist. No. S–10–016, 2010-Ohio-5026, 2010 WL 4027670. See also *State v. Ward* (1978), 53 Ohio St.2d 40, 42, 7 O.O.3d 124, 372 N.E.2d 586; *State v. Ward* (Dec. 22, 1976), 3d Dist. No. 1–76–59, 1976 WL 189013 (" 'Does the fact the surety had insufficient time to find the defendant constitute good cause? We think not. The good cause contemplated goes to the presentation of good and sufficient reasons for the nonappearance, not to good and sufficient reasons why the surety could not locate the defendant' ").

{¶ 28} Here, Mayo was on notice of the forfeiture order at least as of September 22, 2010, but failed to show good cause for Calvert's nonappearance as a reason why a judgment should not be entered against her. In fact, the trial court permitted a longer amount of time for appellant to show cause for Calvert's nonappearance than the time permitted in the statute. Therefore, we do not find that the trial court abused its discretion in entering judgment against the surety because of its failure to strictly comply with the notice requirement set forth in R.C. 2937.36.

■ {¶ 29} However, we do find that the trial court erred by not entering a specific monetary value as a penalty in its final judgment. The judgment required the surety to pay "in bond." The trial court failed to reduce the amount of the penalty to a judgment against the surety. Because the statute permits a penalty *up to the amount of the bond,* the trial court must specify a dollar amount as the penalty in its judgment entry.

{¶ 30} Appellant argues that she will not have an appropriate remedy pursuant to R.C. 2937.39, which permits sureties to seek remission of the forfeiture in the event the accused subsequently appears, surrenders, or is arrested. This court

agrees. R.C. 2937.39,[4] the statute governing remittitur, requires that a penalty must have been entered in the judgment. R.C. 2937.36 requires that "the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, *in such amount,* not exceeding the penalty of the bond." (Emphasis added.) Thus, a dollar amount is required to be in the judgment against the surety.

{¶ 31} We do note that the following notice was sent to appellant by certified mail following the November 9, 2010 hearing:

{¶ 32} "Please be advised that the $1250 bond posted 7–4–2010 in the above-captioned matter, Power No. IS3K–120020 has been forfeited per the enclosed court order. Please remit within 30 days."

{¶ 33} However, this notice cannot be considered a judgment, because it was not file-stamped with the court nor was it signed by a judge; rather the notice was signed by a deputy clerk. Case law is clear that only a judge has the authority to issue a judgment. *Harkai v. Scherba Indus. Inc.* (2000), 136 Ohio App.3d 211, 217–218, 736 N.E.2d 101. This court finds that the trial court's order requiring the surety to pay "in bond" is arbitrary, as it fails to conform to the statutory requirements set forth in R.C. 2937.36.

{¶ 34} Because the trial court failed to properly identify an amount that the surety must pay as a penalty in its final order, we reverse the judgment of the Fremont Municipal Court and remand this case for the trial court to execute a judgment entry consistent with this decision.

{¶ 35} Accordingly, we find appellant's assignment of error well taken.

{¶ 36} Costs assessed to appellee, pursuant to App.R. 24.

Judgment reversed.

OSOWIK, P.J., and HANDWORK, J., concur.

---

4. R.C. 2937.39 provides: "After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or rearrest of the accused on the charge, may remit all or such portion of the penalty as it deems just and in the case of previous application and transfer of cash or proceeds, the magistrate or clerk may deduct an amount equal to the amount so transferred from subsequent payments to the agencies receiving such proceeds of forfeiture until the amount is recouped for the benefit of the person or persons entitled thereto under order or remission."