[Cite as *State v. Velasquez*, 2023-Ohio-3178.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2023 AP 02 0007 |
| EDGAR V. VELASQUEZ | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Appeal from the Tuscarawas County Court
                            of Common Pleas, Case No 2022 CR 08
                            0302

JUDGMENT:                   Dismissed

DATE OF JUDGMENT ENTRY:     September 6, 2023

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

KRISTINE W. BEARD                   JAY G. PEREZ
Assistant Prosecuting Attorney      Jay Perez Law
125 E. High Avenue                  5930 Venture Dr., Ste. D
New Philadelphia, OH 44663          Dublin, OH 43017

*Gwin, P.J.*

{¶1} Defendant-appellant Edgar V. Velasquez ["Velasquez"] appeals the January 3, 2023 Judgment Entry of the Tuscarawas County Court of Common Pleas that denied his Motion to Release Bond[1].

*Facts and Procedural History*

{¶2} On August 26, 2022, Velasquez came before the Tuscarawas County Common Pleas Court for an arraignment and bond hearing for two counts of Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04(A)(b)(1). Velasquez's bond was set in the amount of $25,000, cash, property, or surety. A recognizance bond in the amount of $25,000.00 was posted on August 31, 2022 signed by Velasquez and his brother. [Docket Entry No. 21].

{¶3} A final pretrial hearing was held on November 22, 2022. It was determined at the hearing that Velasquez's brother had posted the recognizance bond. T., Nov. 22, 2022 at 3. It was further noted that at the time of his arrest Velasquez was in the United States illegally. U.S. Immigration and Customs Enforcement (I.C.E.) placed a holder status on Velasquez. After his release on bond, Velasquez was detained by I.C.E. and deported to his home country of Guatemala. Id. at 3. The trial judge issued an arrest warrant for Velasquez. The state asked that the bond be forfeited. The trial judge gave the government's counsel fourteen days to file a motion for bond forfeiture.

{¶4} On December 14, 2022, the state filed a Motion for Order of Bond Forfeiture. On December 16, 2022, Velasquez's attorney filed a Motion to Release the Bond Funds and Response to the Motion for Bond Forfeiture. Velasquez asked the trial court to return

---

[1] The state has not appealed the trial court's decision denying the motion filed by the state seeking to forfeit the bond.

the money to his brother who had posted the recognizance bond, citing the hardship to his family. Counsel noted that the failure of Velasquez to appear was due to his deportation and therefore, it is impossible to comply with the conditions of the bond.

{¶5} On December 27, 2022 the trial court held a hearing on the motions, Velasquez's brother, who posted the recognizance bond, did not appear at the bond forfeiture hearing. The trial court heard the oral arguments of counsel and took the matter under advisement.

{¶6} On January 3, 2023, the trial court filed a judgment entry overruling both party's motions. The trial judge found "that the $25,000.00 bond posted herein should remain with the Tuscarawas County Clerk of Courts and should not be released to the Defendant or any surety until any of the conditions of R.C. 2937.40 have been complied with or further Order of the Court."

*Assignment of Error*

{¶7} Velasquez raises one Assignment of Error,

{¶8} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED A REVERSIBLE ERROR IN DENYING THE RELEASE OF THE BOND MONEY WHEN THE CONDITIONS OF SURETY IMPOSED ARE RENDERED IMPOSSIBLE BY AN ACT OF LAW."

*Law and Analysis*

**Standard of Appellate Review**

*Jurisdiction of the Court of Appeals*

{¶9} In the case at bar, we must address the threshold issue of whether the judgment appealed is a final, appealable order. Even if a party does not raise the issue,

this court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White vs. Cuyahoga Metro. Hous. Aut.*, 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72.

{¶10} Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section 3(B) (2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *General Acc. Ins. Co. vs. Insurance of North America,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266(1989); *Harris v. Conrad*, 12th Dist. Warren No. CA-2001-12 108, 2002-Ohio-3885.

{¶11} The purpose of bail is to ensure that the accused appears at all stages of the criminal proceedings. *State v. Hughes*, 27 Ohio St.3d 19, 20, 501 N.E.2d 622(1986); *State v. Rich*, 6th Dist. No. L-04-1102, 2004-Ohio-5678, ¶ 14. Crim R. 46 delineates the types of bail bond that are acceptable, the conditions of bail the court may properly impose, and the factors the court must consider in setting the amount and conditions of bail. Crim. R. 46(A)-(C). When a defendant fails to appear or otherwise breaches a condition of bail, Crim. R. 46(I) governs. The rule provides, "Any person who fails to appear before any court as required is subject to the punishment provided by the law, and any bail given for the person's release may be forfeited. If there is a breach of condition of bail, the court may amend the bail."

{¶12} R.C. 2937.35 provides that, upon the failure of the accused to appear in accordance with the terms of his or her bail, the court may either (1) adjudge in open court the bail forfeit, in whole or in part, or (2) continue the cause to a later date certain and, if the accused fails to appear on that later date, declare the bail forfeit at that time. *Dept.*

*of Liquor v. Calvert*, 195 Ohio App.3d 627, 2011-Ohio-4735, ¶ 12, 961 N.E.2d 247 (6th Dist.).

**{¶13}** An order of bail forfeiture adjudicated pursuant to R.C. 2937.35, is not final and appealable but is interlocutory in nature because the court must take additional action for the recovery of the amount stated in the bail bond. *State v. Carver,* 5th Dist. Fairfield No. 13CA73, 2014-Ohio-3454, ¶16; *State v. Berry,* 12th Dist. Clermont No. CA2013-11-084, 2014-Ohio-2715, ¶8; *State v. Williams,* 40 Ohio App.2d 310, 312, 319 N.E.2d 223 (7th Dist. 1973); *State v. McLaughlin,* 122 Ohio App.3d 418, 420, 701 N.E.2d 1048(10th Dist. 1997).

**{¶14}** Once an order of forfeiture is adjudicated pursuant to R.C. 2937.35, and if the posted bail is deposited with the court, the court must enter judgment through the procedure set forth in R.C. 2937.36. *State v. Wane,* 12th Dist. Butler Nos. CA2020-01-010, CA2020-01-011, CA2020-014, CA2020-015, 2020-Ohio-4874, ¶18; *Dept. of Liquor Control v. Calvert,* 195 Ohio App.3d 627, 2011-Ohio-4735, 961 N.E.2d 247, ¶19.

**{¶15}** The bond form involved in the case at bar is a surety's recognizance bond, as described in R.C. 2937.22(A)(3). In the case of a recognizance bond, R.C. 2937.36(C) provides,

> As to recognizances the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less

than forty-five nor more than sixty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail.

{¶16} If a judgment on the sureties has been entered at a hearing held pursuant to R.C. 2937.36, a surety may seek remission of the forfeiture in the event that the accused subsequently appears, surrenders, or is rearrested. In that event, the court may, in its discretion, remit some or the entire forfeited bond. R.C. 2937.39. *State v. Bryson,* 5th Dist. Stark Nos. 2007-CA-00108, 2007-CA-00132, 2008-Ohio-193, ¶19; *State v. Crosby,* 12th Dist. Clermont No. CA2009-01-001, 2009-Ohio-4936, ¶ 23; *State v. Wane,* 2020-Ohio-4874, ¶21.

{¶17} Here, there has been no disposition of the underlying cause. The charges against Velasquez remain pending and unresolved. In essence, the trial court leaves the matter unresolved and subject to future litigation and appeals for an indeterminate amount of time. The trial court should have issued a judgment entry ordering the bond to be forfeited or released, or continued the case to a later date certain in accordance with R.C. 2937.35.

{¶18}  We find that the January 3, 2023 judgment entry of the trial court was not final and appealable.  Further action by the trial court is required by R.C. 2937.35.

{¶19}  For the foregoing reasons the forgoing appeal is dismissed.


By Gwin, P.J.,

Hoffman, J., and

King, J., concur