OPINION
{¶ 1} Gary Akbar, a bondsman doing business as You Walk Bail Bond, appeals from a judgment forfeiting a recognizance and entering judgment of $5,000 against defendant-principal Dontae L. Martin, Akbar, and Fairmont Specialty Insurance Company. The State has not responded to Akbar's brief, which asserts the following assignment of error:
 {¶ 2} "THE TRIAL COURT ERRED IN NOT GIVING DEFENDANT/SURETY *Page 2 
DUE PROCESS NOTICE TO SHOW CAUSE WHY JUDGMENT SHOULD NOT BE ENTERED AGAINST THEM FOR THE FULL AMOUNT STATED IN THE RECOGNIZANCE."
 I. {¶ 3} Akbar bases his appeal upon R.C. 2937.36(C), which provides as follows:
 {¶ 4} "Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:
 {¶ 5} "(C) As to recognizances he shall notify accused and each suretyby ordinary mail at the address shown by them in their affidavits ofqualification or on the record of the case, of the default of theaccused and the adjudication of forfeiture and require each of them toshow cause on or before a date certain to be stated in the notice, andwhich shall be not less than twenty nor more than thirty days from dateof mailing notice, why judgment should not be entered against each ofthem for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail." (Emphasis ours).
 {¶ 6} Akbar contends that the trial court entered judgment without complying with the notice requirements of R.C. 2937.36(C). He is correct. The question for us is whether the trial court committed reversible error.
 II. *Page 3 {¶ 7} The record reflects that Akbar, as agent for Fairmont, executed a $5,000 bail bond on behalf of Martin on January 23, 2006. The court sent a certified mail letter dated April 13 to Akbar, informing him that Martin had failed to appear for a March 16 pretrial and that bond would be forfeited unless Martin appeared on or before June 15. This letter was returned unclaimed.
 {¶ 8} Akbar contends in his brief that he first became aware of the pending forfeiture May 11 when he was contacted by telephone by the trial court and told to produce Martin by June 16 or face forfeiture of the bond. Akbar states that he contacted Fairmont with this information on May 14, and appeared before the trial court May 17 to request more time to produce Martin. Although these contentions do not appear of record, they are in all material respects consistent with the record.
 {¶ 9} The trial court's June 19 "Judgment on Forfeited Recognizance," from which this appeal is prosecuted, states:
 {¶ 10} "The Court finds that the Defendant has failed to appear before the Court as required, in default of the conditions of a recognizance given into (sic) this case.
 {¶ 11} "On May 16, 2006, the Court, in open session and upon the record, discussed the issue with Gary N. Akbar, bondsman for Defendant.
 {¶ 12} "At that time, the Court granted said bondsman until June 16, 2006, at 9:00 a.m., to produce said Defendant or the bond would be ordered forfeited.
 {¶ 13} "As of the date of this entry, said bondsman has failed to produce the Defendant and said recognizance is hereby adjudged forfeited.
 {¶ 14} "Therefore, it is Ordered, Adjudged and Decreed that judgment herein be entered *Page 4 
and execution awarded jointly and severally against said Principal, Dontae L. Martin; said Surety, Gary N. Akbar; and Fairmont Specialty Insurance Company in the amount of Five Thousand dollars ($5,000.00)."
 III. {¶ 15} We are not persuaded that the trial court's failure to comply with the notice provisions of R.C. 2937.36(C) necessarily constitutes reversible error given the particular facts of this case.
 {¶ 16} In State v. Ward (1978), 53 Ohio St.2d 40, the Supreme Court held in effect that the R.C. 2937.36(C) notice requirements were not mandatory. Ward affirmed the overruling of a motion to vacate an order of forfeiture of a surety bond. In affirming, the Supreme Court necessarily rej ected the arguments of the surety that the notice requirements were mandatory and that failure to comply with the notice requirements excuses the surety from liability until a show cause hearing is held. The trial court's forfeiture order provided in its entirety:
 {¶ 17} "This 19th day of December, 1975 the court finds that the defendant herein entered a plea of guilty as charged in the indictment and was thereby convicted as to count No. 2 of the indictment on July 16, 1975. The court further finds that on September 8, 1975, a judgment entry was filed revoking the defendant's bond for the reason that the whereabouts of the defendant was unknown and said defendant was unable to be located for the purpose of sentencing. At the same time, the court issued a bench warrant for the arrest of the defendant.
 {¶ 18} The court further finds that judgment in the amount of $2,500.00 should be awarded in favor of the State of Ohio and against Charles Ward, defendant herein, and the Midland Insurance Company. *Page 5 
 {¶ 19} "It is therefore ordered that judgment be awarded in favor of the State of Ohio and against the defendant Charles Ward and against the Midland Insurance Company, surety herein, in the sum of $2,500.00. It is further ordered that the surety herein shall produce the body of the said defendant within 20 days of this date or said judgment shall be final."
 {¶ 20} The surety failed to produce Ward within the twenty days provided for in the order. Ward was apprehended in February, 1976, and sentenced two months later, prompting the surety's motion to vacate the forfeiture order.
 {¶ 21} We find the procedure in this case remarkably similar to that employed in Ward. In Ward, the judgment of December 19, 1975, was conditional and the surety was given twenty days to produce Ward before the judgment became final. Here, the trial court personally advised the bondsman on May 16 that bond would be forfeited if he did not produce Martin by June 16.
 {¶ 22} The sweep of R.C. 2937.36(C) is broad enough to cover those situations where the surety is unaware of the non-appearance of the defendant-principal until the bond is forfeited. In those situations, the surety has a due process expectation of the notice and opportunity to show good cause provided for in R.C. 2937.36(C). But that is not the situation here where Akbar was informed by the trial court on May 11 that Martin had failed to appear, and he was told by the trial judge in open court on May 16 that he had one month to produce Martin or the bond would be forfeited. Nothing would have prevented Akbar from demonstrating to the trial court — within that one month window — good cause for his failure to produce Martin had good cause existed.
 {¶ 23} While it is clear that the trial court failed to provide the statutory notices, such was also the situation in Ward. Nothing of record or in Akbar's brief suggests that Akbar was *Page 6 
actually prejudiced by the court's noncompliance with R.C. 2937.36(C) — i.e., that Akbar could have demonstrated good cause had he received the statutory notice — and we conclude that Ward should inform our disposition of this appeal.
 {¶ 24} Should Akbar at some point produce Martin for the court, he may seek relief under R.C. 2937.39.
 {¶ 25} The assignment of error is overruled.
 IV. {¶ 26} The judgment will be affirmed.
DONOVAN, J., concurs.