OPINION
{¶ 1} Gary N. Akbar, a bail bondsman doing business as You Walk Bail Bond, appeals a judgment of the Miamisburg Municipal Court forfeiting a recognizance and entering judgment against the principal, Nathan E. Miller, and the surety, Gary N. Akbar *Page 2 
and Fairmount Specialty Insurance Company in the amount of $5,000.
 {¶ 2} We first note that the State has failed to file a brief in the instant matter. Therefore, pursuant to App.R. 18(C) we are permitted to accept Akbar's statement of the facts and issues as correct and reverse the judgment of the trial court if Akbar's brief reasonably appears to sustain such action.
 {¶ 3} The pertinent facts, as set forth in Akbar's brief, are as follows: Nathan E. Miller was charged with driving under suspension in the Miamisburg Municipal Court. Bail was set at $5,000, pursuant to a capias issued by the Clerk of the Miamisburg Municipal Court, on February 16, 2006. On March 4, 2006, a bond was posted, to secure Miller's bail, in the amount of $5,125, with Gary N. Akbar and Fairmount Specialty Insurance Company as sureties, and a hearing was set for Miller on March 8, 2006. Miller failed to appear at this hearing, and Akbar was notified by the court that he had until May 17, 2006 to produce Miller or the bail would be forfeited. On May 17, 2006, Akbar appeared at the court and requested additional time to produce Miller. The trial court apparently granted Akbar nineteen additional days to produce Miller; however, this action was not journalized.
 {¶ 4} On June 8, 2006, in a single stroke of the pen, the trial court entered judgment of forfeiture of the bail, entered judgment on the bond, and ordered execution of the judgment against Miller and both sureties. It is from this judgment that Akbar appeals, setting forth one assignment of error for our review:
 {¶ 5} THE TRIAL COURT ERRRD (sic) IN NOT GIVING DEFENDANT/SURETY DUE PROCESS NOTICE TO SHOW CAUSE WHY JUDGMENT SHOULD NOT BE ENTERED AGAINST THEM FOR THE FULL AMOUNT STATED IN THE *Page 3 
RECOGNIZANCE.
 {¶ 6} Akbar asserts very simply that the trial court failed to follow the procedures set forth in R.C. 2937.36(C), because it entered judgment of forfeiture of Miller's bail concurrently with the judgment against the sureties on the bond, thereby failing to give the sureties the due process notice and hearing required by the statute. This court has recently considered the identical issue and fact pattern in another case out of the same court. On the basis of our decision in State v.Martin, Montogomery App. No. 21716, 2007-Ohio-3813, we find that Akbar's assignment of error is not well taken, and that it should be overruled.
 {¶ 7} For the foregoing reasons, the judgment of the Miamisburg Municipal Court is hereby Affirmed.