The STATE of Ohio, Appellee,

v.

McLAUGHLIN, Appellant.

[Cite as *State v. McLaughlin* (1997), 122 Ohio App.3d 418.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APA12–1731.

Decided Aug. 26, 1997.

*Ronald J. O'Brien*, Franklin County Prosecuting Attorney, for appellee.

*Dye & Fleck, Lewis W. Dye* and *Gary H. Dicker*, for appellant.

DESHLER, Judge.

Appellant, Barney E. McLaughlin, appeals from an order of the Franklin County Court of Common Pleas ordering forfeiture of a portion of appellant's appearance bond.

Appellant was indicted on one count each of rape, kidnapping, and burglary by the Franklin County Grand Jury on April 19, 1996. On April 24, 1996, appellant appeared and entered a plea of not guilty. The magistrate set a $50,000 surety and $50,000 appearance bond, with the stated condition that appellant "have no contact by phone or by any other means with the victim during the pendency of this case." The state moved to revoke bond on May 3, 1996, on the basis that appellant had violated the condition of bond by having both personal and telephone contact with the victim. The trial court held a hearing on May 9, 1996, and heard testimony from appellant and the victim. The victim testified regarding numerous instances of telephone contact between her and appellant, and one instance in which appellant had come to the parking lot of her place of work and spoke with her. Appellant testified that he indeed had some telephone contact with the victim and had gone to her place of work to meet with a co-worker of the victim, and had spoken with her briefly at that time. Appellant testified that all contact between him and the victim was initiated by the victim either through calls to him or messages transmitted to him through friends and relatives.

At the close of the hearing on May 9, 1996, the court revoked appellant's bond. On May 20, 1996, the court ordered forfeiture of the appearance bond, and ordered a new surety bond in the amount of $100,000 by reinstating the original $50,000 surety bond plus an additional $50,000 surety. On December 4, 1996, the trial court overruled appellant's motion to reinstate appearance bond and release funds from the forfeiture account. Appellant has timely appealed and brings three assignments of error:

"1. The trial court erred when it set a 'no contact' condition to the defendant's bond, when Criminal Rule 46 provides said conditions shall be set only when said conditions are reasonably called for to ensure the defendant's appearance at Trial.

"2. The trial court erred when it forfeited the defendant's bond, when the court determined that the defendant had violated a separate additional condition of bond which was not related to the defendant's appearance at trial, or other court-ordered appearances.

"3. The trial court erred when it forfeited part of the defendant's bond, that is the 10% portion of the bond commonly known as an appearance bond, but merely revoked the surety bond portion of the bond, when the proper action of the court was, if justified, to revoke the bond for violation of a condition not related to the defendant's appearance at trial, or other court proceedings."

Initially, we must address the state's motion to dismiss this appeal for lack of jurisdiction. The state argues that this court lacks jurisdiction because the appeal is not taken from a final appealable order either in the underlying criminal matter or on the revocation of bond. R.C. 2505.02 defines a "final appealable order" as "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial * * *."

An entry of *nolle prosequi* in a criminal case is not a final appealable order. *State v. Eberhardt* (1978), 56 Ohio App.2d 193, 10 O.O.3d 197, 381 N.E.2d 1357. Likewise, a bond forfeiture in a pending criminal case is not a final appealable order. *State v. Bevacqua* (1946), 147 Ohio St. 20, 33 O.O. 186, 67 N.E.2d 786; *State v. Williams* (1973), 40 Ohio App.2d 310, 69 O.O.2d 280, 319 N.E.2d 223. However, no case precisely on point, that is, one in which the appeal from a forfeiture of bond was taken after the entry of a *nolle prosequi* in a criminal matter, has been presented by either party. It appears both intuitively and logically that this presents a different circumstance from a case in which the *nolle prosequi* or the bond forfeiture has occurred independently.

■ While an action in habeas corpus may be maintained for the recovery of bond improperly revoked, *State ex rel. Baker v. Troutman* (1990), 50 Ohio St.3d 270, 553 N.E.2d 1053, citing *Bevacqua,* this is obviously not to the exclusion of relief through direct appeal. *Id.* A criminal defendant who has benefitted from an entry of *nolle prosequi* in the underlying criminal manner, but nonetheless was subjected to forfeiture of bond, would be left with only an action in habeas corpus to seek recovery of the bond if no direct appeal were permitted under these circumstances. This would be so despite the fact that the criminal action which gave rise to the imposition of bond, and subsequent forfeiture, would essentially have become a finally determined issue. The *nolle prosequi* in effect determines the action with respect to the prior revocation of bond, since any subsequent re-filing of charges in the same matter by the state would give rise to a new, independent, imposition of bond on the defendant. We find that it is not in the best interest of either of the parties or judicial economy when the only recourse in such a case is seeking a writ of habeas corpus. We therefore hold that an order of a trial court in a criminal matter forfeiting bond, subsequently coupled with an entry of *nolle prosequi* in the matter, becomes a final appealable order in conjunction with the entry of the order of *nolle prosequi,* and the defendant may seek recovery of the forfeited bond by means of direct appeal. Accordingly, appellee's motion to dismiss for lack of jurisdiction is denied.

Appellant's first assignment of error asserts that the court's imposition of a "no contact" condition upon pretrial bail in this case was improper because a court has statutory authority only to require bond for the purpose of ensuring the appearance of an accused at trial. Crim.R. 46 refers to various conditions that may be imposed upon pre-conviction or post-conviction bond. Crim.R. 46(C)(2) allows a court to "[p]lace restrictions on the travel, association, or place of abode of the person during the period of release[.]" Crim.R. 46(G) states that "[t]he judge * * * who releases a person under this rule shall make an appropriate written order stating the conditions of release." Under Crim.R. 46(H), the trial judge may impose at any time "additional or different conditions of release."

Appellant cites *Baker, supra,* 50 Ohio St.3d at 272, 553 N.E.2d at 1055–1056:

"Bail ensures appearance. Therefore, the conditions placed on it must relate to appearance and the reasons for forfeiture to nonappearance. [The court's order] was not so structured. It conditioned the right to bail on an accused's or surety's consent to forfeit the bail for fines and costs, which respondents did not explain or justify in terms of ensuring appearance. 'Moreover, it provided implicitly for forfeiture upon conviction even though the obligation to appear was fully satisfied. * * * '"

The condition of bond which was found improper in *Baker* was conditioning bail upon the payment of fines and costs from the posted bond. The Ohio Supreme

Court found that the requirement that the deposited cash bond be made available to pay an eventual penalty in the underlying criminal matter bore no relation to the eventual appearance at trial of the accused and thus violated the constitutional prohibition against excessive bail found in the Eighth Amendment to the United States Constitution.

In the present case, the state argues that the "no contact" provision is one reasonably calculated to increase the likelihood of the appellant's appearing for trial, since contact between an appellant in a rape case and the victim, or the victim's family, contains a high likelihood of producing further violence or other complications that would reduce the likelihood of an appellant's appearing in court.

■ More directly on point than *Baker* is *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 595, 635 N.E.2d 26, 30–31, in which the Ohio Supreme Court stated:

" * * * While the preeminent purpose of bail is to 'insure that the defendant appears at all stages of the criminal proceedings,' see Crim R. 46(A) and *State ex rel. Jones v. Hendon* (1993), 66 Ohio St.3d 115, 118, 609 N.E.2d 541, 543–544, Crim.R. 46(E)(1) allows conditions of release related to 'danger' to the community 'in accordance with the provision of division (C).' As discussed previously, Crim.R. 46(C)(2) specifies a condition restricting 'association' of the convicted felon. Therefore, even assuming, as the court of appeals seems to readily admit, that its 'no contact' condition was 'to ensure that petitioner did not pose a danger to others or the community,' rather than to ensure her appearance, such condition was appropriate under Crim.R. 46(C)(2) and (E)(1)."

We find that the Supreme Court's holding in *Pirman* clearly controls in the present matter and establishes the constitutionality of "no contact" conditions upon bail in Ohio. Accordingly, the trial court did not err in imposing a "no contact" provision as a condition of appellant's bail. Appellant's first assignment of error is accordingly overruled.

■■ Appellant's second assignment of error asserts that the trial court erred in revoking and forfeiting part of the bond, for violation of a condition of bond, when appellant at all times made the required appearances in court. Crim.R. 46(M) specifically states:

"If there is a breach of condition of a bond, the court shall declare a forfeiture of the bail."

Similarly, R.C. 2937.35, entitled "Forfeit of Bail," states that "[u]pon the failure of the accused or witness to appear *in accordance with its terms* the bail may in open court be adjudged forfeit * * *." (Emphasis added.) Both the Criminal

Rule and the applicable statute thus give the trial court authority to order forfeiture of bail upon violation of a condition of bond even where no failure to appear has occurred. We therefore hold that the trial court was clearly within its statutory authority in ordering forfeiture of bond in this case for failure to comply with the "no contact" provision, and appellant's second assignment of error is overruled.

Appellant's third assignment of error asserts that the trial court improperly forfeited only the cash bond and not the surety bond in this case. Appellant relies upon the case of *State ex rel. Jones v. Hendon* (1993), 66 Ohio St.3d 115, 609 N.E.2d 541, which is inapposite, as it applies to a restriction upon access to bond, rather than forfeiture of bond. We look again to R.C. 2937.35, which states that "[u]pon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court * * *." The statute clearly authorizes partial forfeiture of bond, as occurred in the present case. Appellant's third assignment of error is accordingly without merit and is overruled.

In summary, we hold that a direct appeal is a proper means of challenging forfeiture of bond subsequent to the entry of a *nolle prosequi* in a criminal matter, and appellee's motion to dismiss for lack of jurisdiction is denied. We further hold that a trial court may impose a "no contact" condition upon pre-conviction bail in a criminal matter, that bond may be declared forfeited for violation of such "no contact" condition even where the defendant has appeared in court as ordered, and that a partial violation of bond in such an instance is within the trial court's discretion. Appellee's motion to dismiss is denied. Appellant's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas overruling appellant's motion to reinstate appearance bond and to release funds from the forfeiture account is hereby affirmed.

*Motion denied*
*and judgment affirmed.*

BOWMAN and CLOSE, JJ., concur.