OPINION *Page 2 
{¶ 1} Appellant, Noble Bail Bonds (Noble), appeals a decision of the East Liverpool Municipal Court revoking and forfeiting the bond of defendant, Arnold T. Stith (Stith).
 {¶ 2} On February 10, 2006, following a traffic stop in which Stith provided police officers with false identification information, Stith was arrested for obstructing official business in violation of R.C.2921.31, a second-degree misdemeanor. Stith was arraigned on February 13, 2006. He pleaded not guilty, was appointed counsel, and the trial court set bond at $10,000 cash/surety bond. Stith posted a $10,000 surety bond through Noble Bail Bonds and was released.
 {¶ 3} On February 23, 2006, Stith appeared for pretrial. The trial court released his appointed counsel since he had posted the $10,000 surety bond, evidencing that he had access to funds to hire an attorney. He decided to represent himself and changed his plea to no contest. The trial court sentenced Stith to ninety days in jail with sixty days suspended. The court ordered Stith to report to jail on March 24, 2006, to serve the remaining thirty days. The court also fined Stith $200 plus costs and placed him on two years of nonreporting, unsupervised probation. Notably, the court also continued the $10,000 bond until Stith "begins jail sentence." (February 23, 2006 Judgment Entry — Sentencing Conviction.)
 {¶ 4} Stith failed to appear on March 24, 2006, to begin his jail sentence. On March 30, 2006, two warrants were issued for Stith — a bench warrant and a warrant for failing to comply with the terms of his probation (i.e., failing to report to jail and failing to pay his fine and costs). That same day, a notice of bond forfeiture was filed. A hearing on the forfeiture of the bond was held on May 10, 2006. Stith did not appear and the bond was revoked. *Page 3 
 {¶ 5} On May 30, 2006, the trial court overruled a motion filed by Noble to stay payment of the bond pending appeal. This appeal followed.
 {¶ 6} Noble's first assignment of error states:
 {¶ 7} "The trial court erred by forfeiting bond after the imposition and beginning of sentence as it had lost jurisdiction."
 {¶ 8} Noble argues that once the trial court sentenced Stith to probation on February 23, 2006, it could no longer continue the bond since sentencing was no longer pending pursuant to Crim.R. 46(H). In Noble's eyes, the trial court's jurisdiction ended with the February 23, 2006 judgment entry, since probation was part of the sentence.
 {¶ 9} Crim.R. 46 provides, in relevant part:
 {¶ 10} "(E) Amendments
 {¶ 11} "A court, at any time, may order additional or different types, amounts, or conditions of bail.
 {¶ 12} "* * *
 {¶ 13} "(H) Continuation of bonds
 {¶ 14} "Unless otherwise ordered by the court pursuant to division (E) of this rule, or if application is made by the surety for discharge, the same bond shall continue until the return of a verdict or the acceptance of a guilty plea. In the discretion of the court, the same bond may also continue pending sentence or disposition of the case on review. Any provision of a bond or similar instrument that is contrary to this rule is void."
 {¶ 15} In its February 23, 2006 Judgment Entry of Sentence and Conviction, the trial court specifically stated, "$10,000 Bond Continued until defendant begins Jail Sentence." Crim.R. 46 allows the court to continue a bond in such a manner. Here, Stith did not appear to begin his sentence. Therefore, the trial court could forfeit the bond. R.C.2937.35.
 {¶ 16} While it is true that the probation aspect of Stith's sentence began immediately as Noble points out, not all of Stith's sentence (i.e., jail) had yet to *Page 4 
commence, so the court still had continuing jurisdiction over the matter. Additionally, a bond is posted to ensure a defendant's appearance at all stages of criminal proceedings (e.g., commencement of a jail or prison term). State v. Jackson, 153 Ohio App.3d 520,2003-Ohio-2213, 795 N.E.2d 57, at ¶ 5. A bond would serve little purpose for the probation part of Stith's sentence in this case since it was nonreporting, unsupervised probation.
 {¶ 17} Accordingly, Noble's first assignment of error is without merit.
 {¶ 18} Noble's second assignment of error states:
 {¶ 19} "The Trial Court erred when it forfeited the bond for not reporting to jail."
 {¶ 20} Citing to Crim.R. 46(I), Noble argues that the trial court erred by forfeiting the bond for Stith's failure to report tojail because bond forfeiture is reserved solely for failing to appear incourt.
 {¶ 21} Citing R.C. 2937.35 and Crim.R. 46(I), the State counters that the trial court was clearly within in its statutory authority in ordering the forfeiture of bond in this case. The State also citesState v. Shearer (Dec. 17, 1999), 6th Dist. No. WD-98-078, and the Tenth District's decision in State v. McLaughlin (1997), 122 Ohio App.3d 418,701 N.E.2d 1048.
 {¶ 22} Forfeiture of bail is governed by R.C. 2937.35. which states:
 {¶ 23} "Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear. But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date."
 {¶ 24} Likewise, Crim.R. 46(I) provides:
 {¶ 25} "(I) Failure to appear; breach of conditions
 {¶ 26} "Any person who fails to appear before any court as required is subject to the punishment provided by the law, and any bail given for the person's release *Page 5 
may be forfeited. If there is a breach of condition of bail, the court may amend the bail.
 {¶ 27} "Placing conditions on bond is a power specifically granted to the trial court under Crim.R. 46." Bailey v. Chance (Sept. 18, 1998), 7th Dist. No. 98 CA 169. See, also, State v. Shearer (Dec. 17, 1999), 6th Dist. No. WD-98-078. The trial court may determine the nature of those conditions. Id.
 {¶ 28} As for Noble's argument that bond only ensures the defendant's appearance in court, the Tenth District Court of Appeals has observed that R.C. 2937.35 and Crim.R. 46 "give the trial court authority to order forfeiture of bail upon violation of a condition of bond even where no failure to appear has occurred." State v. McLaughlin (1997), 122 Ohio App.3d 418,423, 701 N.E.2d 1048.
 {¶ 29} R.C. 2937.35 and Crim.R. 46(I) clearly give the trial court authority to forfeit a defendant's bond for failing to comply with the terms and conditions imposed on that bond or the continuation of that bond. Here, the trial court specifically continued Stith's bond until he appeared for his jail sentence. He did not appear. Consequently, the trial court was authorized to forfeit the bond and did not err in dong so.
 {¶ 30} Accordingly, Noble's second assignment of error is without merit.
 {¶ 31} The judgment of the trial court is hereby affirmed.
 Waite, J., concurs. DeGenaro, P.J., concurs. *Page 1