[Cite as *State v. Carver*, 2014-Ohio-3454.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| AMANDA CARVER | |
| | Case No. 13 CA 73 |
| Defendant | |
| COUNTY JAIL BAIL BONDS | |
| Surety-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Municipal Court, Case No. CRB 12 3437

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     August 7, 2014

APPEARANCES:

For Plaintiff-Appellee          For Defendant

DANIEL E. COGLEY             NO APPEARANCE
ASSISTANT PROSECUTOR
123 East Chestnut Street
Post Office Box 1008          For Surety-Appellant
Lancaster, Ohio  43130
                             ERIC L. LAFAYETTE
                             415 E. Broad Street, Suite 113
                             Post Office Box 667
                             Columbus, Ohio  43215

*Wise, J.*

{¶1}. Surety-Appellant County Jail Bail Bonds LLC appeals the decision of the Fairfield County Municipal Court, which denied its request for relief from a forfeiture of bond it had provided on behalf of Defendant Amanda K. Carver. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}. On December 21, 2012, Defendant Amanda Carver (hereinafter "Carver") was arrested by officers from the Fairfield County Sheriff's Office and charged with one count of theft in violation of R.C. 2913.02(A)(I), a misdemeanor of the first degree.

{¶3}. On December 22, 2012 (a Saturday), Appellant County Jail Bail Bonds, LLC (hereinafter "appellant") posted a $1,000.00 bond for Carver.

{¶4}. Carver was released from jail that weekend and scheduled for arraignment in the Fairfield County Municipal Court on the next business day, December 24, 2012.

{¶5}. On December 24, 2012, Carver's charge and bond were docketed. Carver appeared for her arraignment hearing on that date, at which time the trial court orally set additional terms of bond including a recognizance bond, ordered no consumption of alcohol or illegal drugs, and ordered her to stay away from the Meijer store. However, the trial court neglected to sign the written entry. A trial date was set for May 21, 2013.

{¶6}. On May 21, 2013, Carver failed to appear for her scheduled jury trial, and the trial court issued a warrant for her arrest. Bond was set on the warrant at $7,500.00 cash/surety and recognizance.

{¶7}. On May 29, 2013, the trial court sent notice to appellant that Carver's bond was ordered forfeited and gave appellant until July 5, 2013, to show good cause why it should not be forfeited.

{¶8}. On June 25, 2013, Carver was returned to the custody of the Fairfield County Jail through the efforts of appellant.

{¶9}. On June 26, 2013, Carver was brought back before the trial court. The trial court gave Carver a recognizance bond, noting at the bottom of the journal entry that the "same conditions" applied to the Defendant's bond. On August 15, 2013, Carver again failed to appear for her scheduled jury trial date. The trial court issued a warrant for her arrest. The trial court again sent notice to appellant that Carver's bond was ordered forfeited and established a show cause date of September 27, 2013.

{¶10}. On September 12, 2013, appellant filed a motion to be relieved from the bond forfeiture arguing that the surety was already relieved by appellant previously locating and surrendering Carver and the trial court setting a new bond. On September 25, 2013, the trial court overruled appellant's motion.

{¶11}. On October 25, 2013, Appellant County Jail Bail Bonds LLC filed a notice of appeal.

{¶12}. Appellant herein raises the following sole Assignment of Error:

{¶13}. "I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE SURETY, COUNTY JAIL BAIL BONDS MOTION TO BE RELIEVED FROM BOND FORFEITURE OF THE DEFENDANT, AMANDA CARVER, FOR FAILURE TO APPEAR ON AUGUST 15, 2013 HEARING, DUE TO THE DEFENDANT ALREADY

BEING REARRESTED BY THE SURETY, AND A NEW BOND HAVING BEEN POSTED BY COURT."

I.

{¶14}. In its sole Assignment of Error, Appellant County Jail Bail Bonds LLC contends the trial court erred in denying its motion for relief from bond forfeiture.

{¶15}. "The purpose of bail bond is to insure the appearance of the defendant at all stages of the criminal proceedings ***." *State v. Christensen*, 2nd Dist. Greene No. 98 CA 53, 1999 WL 218146. Any person who fails to appear before any court as required is subject to punishment provided by law, and any bail given for the person's release may be forfeited. Crim.R. 46(I).

{¶16}. However, in a criminal case, a bond forfeiture order is not a final appealable order. *State v. Smith*, 7th Dist. Jefferson No. 05 JE 49, 2006-Ohio-4614, ¶ 21, citing *State v. McLaughlin* (1997), 122 Ohio App.3d 418, 420, 701 N.E.2d 1048; *State v. Williams* (1973), 40 Ohio App.2d 310, 312, 319 N.E.2d 223; *State v. Stuber,* 3d Dist. Hancock No. 5–02–49, 2003–Ohio–2938.

{¶17}. In the case sub judice, a review of the file before us indicates that the theft charge against Carver is still unresolved as of the time of the transmission of the record. We find no compelling reason to permit appellant, as the surety for Carver, to pursue an immediate appeal to challenge forfeiture while the primary criminal prosecution lies dormant in the trial court. Nothing will prevent appellant from pursuing the present appellate issues once Carver has been brought back to court and the criminal matter has been finally determined. Piecemeal litigation and piecemeal appeals are disfavored

in Ohio law. *See Kildow v. Home Town Improvements*, 5th Dist. Muskingum No. CT2001-0057, 2002-Ohio-3824, ¶ 10.

{¶18}. Appellant's sole Assignment of Error is therefore found premature.

{¶19}. For the foregoing reasons, the appeal of the judgment of the Municipal Court of Fairfield County, Ohio, is hereby dismissed.

By: Wise, J.

Delaney, J., concurs.

Farmer, P. J., dissents.

JWW/d 0702

*Farmer, J., dissents*

{¶20} I respectfully dissent from the majority's opinion that the judgment against appellant, the surety, is not a final appealable order until the conclusion of the criminal case.

{¶21} I find the cases cited in ¶ 16 of the opinion refer solely to forfeitures against the criminal defendant and not the surety.

{¶22} On the merits of the matter sub judice, I would find the trial court erred in denying appellant's September 12, 2013 motion to be relieved from bond forfeiture. The docket shows that on May 29, 2013, the trial court ordered the bond forfeited for failure to appear and set a show cause date for July 5, 2013. Thereafter, by journal entry filed June 27, 2013, the trial court permitted the defendant to be released on her own recognizance, the terms of which stated "same conditions." The conditions were the ones set forth in the recognizance bond filed on December 31, 2012: "[n]o consumption of alcohol or illegal drugs" and a "stay away" order.

{¶23} From these docket entries, there is no indication that the surety bond was reinstated (the issue of reinstatement is left blank).

{¶24} I would grant the assignment of error.