[Cite as *State v. Clagg*, 2019-Ohio-4527.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

STATE OF OHIO,                     :
                                   :      Case No. 19CA2
    Plaintiff-Appellee,        :
                                   :
vs.                                :      DECISION AND JUDGMENT
                                   :      ENTRY
LEECHONA CLAGG,                    :
                                   :
    Defendant-Appellant.       :      **Released: 10/28/19**
_____
APPEARANCES:

Timothy P. Gleeson, Gleeson Law Office, Logan, Ohio, for Appellant.

Brynn Saunders Noe, Gallipolis City Solicitor, Gallipolis, Ohio, for
Appellee.
_____

McFarland, J.

{¶1} This is an appeal from a Gallipolis Municipal Court's judgment
entry that in pertinent part forfeited Appellant's bail for violating a condition
of her bail. On appeal, Appellant asserts that the trial court abused its
discretion when it forfeited her bail based on a violation of a condition of
bail, as opposed to her not appearing in court. Based upon our review of the
law and the record, we sustain Appellant's assignment of error and reverse
the judgment of the trial court, but only to the extent that it forfeited
Appellant's bail.

PROCEDURAL HISTORY

{¶2} On November 30, 2018, the State charged Appellant with misdemeanor theft in violation of R.C. 2913.02(A) in Gallipolis Municipal Court ("*Clagg I*"). The court issued an entry that set bond at $10,000 with a 10% cash posting permitted. Appellant pleaded not guilty. Appellant posted $1,000 bail on December 7, 2018. On February 21, 2019, Appellant changed her plea to guilty.

{¶3} On March 6, 2019, the State filed a new misdemeanor theft charge against Appellant ("*Clagg II*"). Appellant pleaded not guilty to this charge.

{¶4} On March 21, 2019, the court held a hearing to consider sentencing in *Clagg I* and to hold the initial pretrial in *Clagg II*. At the hearing, Appellant changed her plea to guilty in *Clagg II*, which the court accepted. The court sentenced Appellant to 180 days in jail in each case with the sentences to be served consecutively.

{¶5} The court issued two judgments filed the same day as the hearing. The first entry revoked Appellant's bond in *Clagg I* (citing *Clagg II*), set a new bond at $25,000 with 10% cash posting permitted, and stated "set for bond forfeiture hearing." The second entry sentenced Appellant to 180 days in jail on the theft charge in *Clagg I* and stated in pertinent part:

"consecutive to [*Clagg II*]; final appealable order; Def. & Surety; notified of appeal rights; *forfeit bond*."[1]  (Emphasis added.)

{¶6} Appellant timely appealed the March 21, 2019 judgment entry in *Clagg I*.  Appellant also appealed *Clagg II*, but that case was subsequently voluntarily dismissed.  Appellant alleges that after a review of both cases her counsel found no sufficient basis from which to appeal Appellant's sentences.  Therefore, Appellant appeals the trial court's March 21, 2019 entry, but only to the extent she challenges the court's order to forfeit her bail.

ASSIGNMENT OF ERROR

> "A TRIAL COURT ABUSES ITS DISCRETION WHEN IT FORFEITS BAIL BASED ON A VIOLATION OF A CONDITION OF BAIL AS OPPOSED TO THE FAILURE TO APPEAR IN COURT."

{¶7} Appellant argues the trial court abused its discretion when it forfeited her bail due to a violation of a condition of bail, as opposed to a failure to appear in court.  Appellant argues that Crim.R. 46(I) permits a court to forfeit a defendant's bail only if the defendant fails to appear for a court date, and cannot forfeit bail for only violating a condition of bail.  Appellant acknowledges *State v. McLaughlin*, 122 Ohio App.3d 418, 422-

---

[1] On April 29, 2019, the court issued a "nunc pro tunc sentencing entry in *Clagg I* for the purpose of complying with the requirement that Appellant's guilty plea and sentence must appear in a single judgment entry.

423, 701 N.E.2d 1048 (10th Dist.), in which the court interpreted former Crim.R.46(M), and R.C. 2937.35, as permitting a court to forfeit a defendant's bail for a violation of a *condition* of bail, as opposed to a failure to appear. Appellant argues that after *McLaughlin* was decided and before Crim.R. 46 was amended, which she alleges now permits a court to forfeit a defendant's bail only if the defendant fails to appear, citing the staff notes to the 1998 amendment. Therefore, Appellant argues that the trial court's judgment entry ordering forfeiture of her bail should be reversed.

{¶8} In response, the State asks us to follow *McLaughlin* and *State v. Sutton*, 6th Dist. Lucas No. L-03-1104, 2004-Ohio-2679, a case that followed *McLaughlin* and was decided after the amendment to Crim.R. 46. Both *McLaughlin* and *Sutton* hold that pursuant to Crim.R. 46 and R.C. 2937.35 the trial court has the authority to order a bail forfeited for the violation of a condition of a bail even if a defendant has not failed to appear for any scheduled court appearance.

{¶9} In effect, the parties have alleged that Crim.R. 46(I) and R.C. 2937.35 conflict with regard to the circumstance under which a court may forfeit a defendant's bail. Section 5(B), Article IV of the Ohio Constitution provides that "[t]he supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge,

enlarge, or modify any substantive right." "Thus, if a rule created pursuant to Section 5(B), Article IV *conflicts* with a statute, the rule will control for procedural matters, and the statute will control for matters of substantive law." (Emphasis added.) *Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 17, citing *Boyer v. Boyer*, 46 Ohio St.2d 83, 86, 346 N.E.2d 286 (1976).

{¶10} Initially, we note that typically "[a] trial court's bond-forfeiture decision is reviewed using an abuse-of-discretion standard." *State v. Slider*, 184 Ohio App.3d 68, 919 N.E.2d 775, ¶ 10 (4th Dist.), citing *State v. Green,* 9th Dist. Wayne App. Nos. 02CA0014 through 02CA0019, 2002-Ohio-5769, ¶ 11, citing *Akron v. Stutz,* 9th Dist. Summit App. No. 19925, 2000 WL 1636026. However, in this case we examine whether the statute and/or the rule at issue limit that discretion to some extent.

{¶11} The first step in resolving this issue is to determine whether the statute and rule truly conflict. R.C. 2937.35, which has never been amended, provides in pertinent part: "[u]pon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear." At the time *McLaughlin* was decided, former Crim.R. 46(M) provided: "If there is a *breach* of *condition of a bond*, the court *shall*

*declare* a *forfeiture* of the bail." (Emphasis added.)  *McLaughlin*, 122 Ohio App.3d at 422, 701 N.E.2d 1048 (1997).  *McLaughlin* concluded that both former Crim.R. 46(M) and R.C. 2937.35 "give the trial court authority to order forfeiture of bail upon violation of a condition of bond even where no failure to appear has occurred."  *Id*. at 422, 423.

{¶12} In 1998, a year after *McLaughlin* was decided, Crim.R. 46 was amended.  In pertinent part, division M was deleted and CrimR. 46(I) stated: "Failure to Appear; Breach of Conditions. Any person who *fails to appear* before any court as required is subject to the punishment provided by the law, and any *bail* given for the person's release *may be forfeited*.  If there is a breach of condition of bail, the court may amend the bail."  (Emphasis added.)  The staff note to this amendment states that "[t]he amended rule permits a court to forfeit bail *only* upon a person's failure to appear." (Emphasis added.)  Staff Note, Crim.R.46.  Consequently, we find that under Crim.R. 46(M) as amended in 1998, a court may forfeit a defendant's bail only if the defendant fails to appear for a court date.

{¶13} In pertinent part R.C. 2937.35 states: "*Upon the failure of the accused* or witness *to appear* in accordance with its terms the *bail may* in open court *be adjudged forfeit*, in whole or in part by the court or magistrate before whom he is to appear." (Emphasis added.)  *McLaughlin* held in part

that R.C. 2937.35 supported its conclusion that a court may forfeit a defendant's bail for violating a condition of bail.  We disagree.

{¶14} "[A] court in interpreting a statute must give effect to the words utilized, cannot ignore words of the statute, and cannot supply words not included."  *E. Ohio Gas Co. v. Limbach*, 61 Ohio St.3d 363, 365, 575 N.E.2d 132 (1991), citing *Wheeling Steel Corp. v. Porterfield*, 24 Ohio St.2d 24, 263 N.E.2d 249 (1970).  *McLaughlin*'s interpretation of R.C. 2937.35 ignores the language "*upon the failure* of the accused * * * to *appear*" a court may forfeit bail.  Therefore, we decline to follow *McLaughlin* and find that under R.C. 2937.25 only upon a failure to appear can a court forfeit a defendant's bail.

{¶15} The Ninth District, relying on *McLaughlin,* has also held that a court may forfeit a defendant's bond upon a violation of a condition of bond in *City of Akron v. Stutz,* 9th Dist. Summit No. 19925, 2000 WL 1636026, *3 (Nov. 1, 2000).  We disagree with *Stutz* for the same reasons we disagree with *McLaughlin*.  Moreover, even though *Stutz* was decided after Crim.R, 46 was amended, it never considered the staff note that indicated that Crim.R. 46(I) was to be interpreted as permitting a court to forfeit bail only upon a failure to appear.

{¶16} Therefore, we find that Crim.R. 46(I) does not conflict with R.C. 2937.35, so Section 5(B), Article IV of the Ohio Constitution is not implicated in our analysis. However, both the rule and statute do limit a court's authority to forfeit bond to only those defendants who fail to appear in court. *Accord State ex rel. Sylvester v. Neal*, 2014-Ohio-2926, 140 Ohio St.3d 47, 14 N.E.3d 1024, ¶ 16 ("The sole purpose of bail is to ensure a person's attendance in court."). *State v. Holmes*, 57 Ohio St.3d 11, 14, 564 N.E.2d 1066 (1991).

{¶17} Even though a court cannot forfeit a bail for a violation of a condition of that bail, a court nevertheless has other options in dealing with defendants who violate conditions of their bail, including amending bail or revoking bail, which "rescind[s] the defendant's authority to remain at large (or released) on bond; [but it] does not * * * forfeit the bond." 26 Ohio Jurisprudence 3d Criminal law: Procedure Section 728, citing *State v. Slider*, 184 Ohio App.3d 68, 2009-Ohio-4179, 919 N.E.2d 775 (4th Dist.).

{¶18} Appellant posted bond in *Clagg I*, and while she was on bond, she committed another theft. But, there is no evidence in the record that Appellant missed any court appearances, or any such allegation by the State. As such, the trial court erred when it forfeited Appellant's bail in *Clagg I* for violating a condition of her bail. Accordingly, we reverse the trial court's

March 21, 2018 judgment entry in *Clagg* I, but only to the extent that it

ordered Appellant's bail to be forfeited.

**JUDGMENT REVERSED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED and costs be assessed to Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY:  _____
Matthew W. McFarland, Judge

## **NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**